842

■ In the Matter of KNIERIEMEN OIL COMPANY et al., Appellants, v. ROBERT A. LANE, as Building Inspector of the Town of Poughkeepsie, et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act: (1) to annul determinations of the respondent Building Inspector and of the respondent Board of Zoning Appeals of the Town of Poughkeepsie denying petitioners' application for a variance to permit the construction and maintenance of fuel storage tanks; (2) to declare illegal the 1956 amended Town Zoning Ordinance and Building Inspection Ordinance; and (3) for other relief, petitioners appeal from an order of the Supreme Court, Dutchess County, dated June 14, 1963, which denied their motion "for leave to renew and reargue" their petition as amended. Appeal dismissed, with $10 costs and disbursements. No new or additional facts were presented in the affidavit submitted in support of the motion; therefore it was in fact one for reargument of the prior application. An order denying a motion for reargument is not appealable (*Sellet* v. *City of Yonkers*, 13 A D 2d 976; *Leckey* v. *McQuade*, 13 A D 2d 682; *Polito* v. *Town of Babylon*, 5 A D 2d 877). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ In the Matter of the Arbitration between ERIC MOSSMAN, an Infant, by His Guardian ad Litem SYLVIA MOSSMAN et al., Respondents, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding to confirm an arbitration award, the Motor Vehicle Accident Indemnification Corporation (hereafter called the "MVAIC") appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated December 21, 1962, granting petitioners' motion to confirm the award, as awarded to the petitioners costs of $25 and disbursements of $39.60. Order, insofar as appealed from, reversed, without costs, on the law and in the exercise of discretion; the provisions awarding such costs and disbursements are stricken out; and the total amount awarded is reduced accordingly. In our opinion, on the motion to confirm the award it was improper to assess against MVAIC the petitioners' disbursements of $39.60 which were incurred in the arbitration proceeding prior to the making of the motion but which were not assessed by the arbitrator (Civ. Prac. Act, § 1464; *Matter of Weeks*, 273 N. Y. S. 922; *Uneeda-Hempstead* v. *Bilt Well Contr. Co.*, 168 Misc. 774). It is also our opinion that on this motion it was an improper exercise of discretion to impose any costs against the MVAIC. The motion finalizes the arbitration award and is therefore an integral part of the arbitration procedure necessary to protect the interests of the parties. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.

■ In the Matter of the Arbitration between MYRTLE ROSS, an Infant, by EDWARD ROSS, Her Guardian ad Litem, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In a proceeding with respect to an arbitration pursuant to the uninsured motorist endorsement attached to an automobile liability insurance policy issued to the father of Myrtle Ross, an infant, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Nassau County, entered February 8, 1963 which granted her motion to vacate the arbitrator's award of $3,000 in her favor and directed arbitration *de novo* before another arbitrator of all issues, including the father's right to recover for loss of services and medical expenses. Order affirmed, with costs (*Matter of Merolla* [*MVAIC*], 231 N. Y. S. 2d 760). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.