**BROWNWOOD MANUFACTURING COMPANY et al., Appellants,**

v.

**TANENBAUM TEXTILE COMPANY, Inc., Appellee.**

No. 16729.

Court of Civil Appeals of Texas.

Dallas.

May 20, 1966.

Rehearing Denied June 17, 1966.

Emil Corenbleth, Dallas, for appellants.

G. H. Kelsoe, Jr., and Robert M. Kennedy, Dallas, for appellee.

BATEMAN, Justice.

Summary judgment was rendered in favor of appellee Tanenbaum Textile Company, Inc., against the appellants Brownwood Manufacturing Company and Gillsam Manufacturing Company, Inc. for $39,897.49 and $40,562.12, respectively. Appellee's suit against appellants was based on a judgment of the Supreme Court of the State of New York in and for New York County. The New York judgment was rendered in confirmation of certain awards made by a board of arbitration. Appellants say by their two points of error that the New York judgment is void and not binding on them, and not entitled to full faith and credit in this Texas suit, because they were not served with process in the New York proceeding.

### FACTS

Appellants manufactured clothing out of textiles supplied by appellee under written contracts, paragraph 16 of which provided:

"ARBITRATION: Any controversy relating to this contract shall be settled by arbitration. Arbitration shall be held in the City of New York in accordance with the rules then obtaining of the General Arbitration Council of the Textile Industry. Buyer and Seller consent to the jurisdiction of the Supreme Court of the State of New York and further consent that any process or notice of motion or any application to the Court, including application for judgment upon an award, may be served outside the State of New York by registered mail or by personal service provided a reasonable time for appearance is allowed."

Disputes arose between the parties—appellee claiming the purchase price of certain materials, and appellants claiming damages on account of defective materials and

tardy deliveries. Pursuant to the contracts, these claims were submitted to arbitration in New York City. The appellants were represented by a lawyer named Lazarus and appellee by a lawyer named Whyman, both of New York City.

As attorney for the appellants here, Lazarus first requested the Arbitration Council of the Textile Industry to consolidate and hear together the several claims, and on being informed that the Council was without power to do so except by agreement, and Whyman having refused to agree to it, Lazarus then filed in the Supreme Court in and for New York County a motion to consolidate the claims. The expressed purpose of this motion was to save appellants the unnecessary expenditure of time and money in making numerous trips to New York with their witnesses for hearings on the separate claims. Appellants knew of this motion and approved of its filing. Appellee's attorney, Whyman, vigorously resisted the motion, but it was granted. Arbitrators heard the claims and made awards to appellee against the appellants for substantial amounts. In due time Whyman filed a motion in the same numbered proceeding in which Lazarus had previously filed his motion to consolidate, asking that the awards be confirmed and judgment rendered thereon. Notice of this motion was served on Lazarus as attorney of record for the appellants. Lazarus sent copies of the motion and of the awards to appellants. He then filed two affidavits in opposition to the motion to confirm and for judgment, and sent copies thereof to appellants. In those affidavits he described himself as attorney for appellants. Appellants gave him no specific instructions in the matter after the awards in arbitration were made; neither did they protest his having accepted service of the motion to confirm and for judgment or question his authority to enter their appearances thereto. The awards were confirmed and judgment rendered thereon by the Supreme Court; this being the judgment sued on in this case.

Pursuant to requests therefor made under Rule 184a, Vernon's Texas Rules of Civil Procedure, the trial court took judicial notice of certain New York laws, the pertinent portions of which are as follows:

Article 75 of the Civil Practice Law and Rules (C.P.L.R.), relates to arbitrations. Section 7501 thereof reads:

"A written agreement to submit any controversy thereafter arising or any existing controversy to arbitration is enforceable without regard to the justiciable character of the controversy and confers jurisdiction on the courts of the state to enforce it and to enter judgment on an award. * * *"

The last sentence of Section 7506(d) is:

"If a party is represented by an attorney, papers to be served on the party shall be served upon his attorney."

Section 7510 reads:

"The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511."

Section 7514 provides in part:

*"Sec. 7514.   Judgment on an award.*

"(a) Entry. A judgment shall be entered upon the confirmation of an award."

Rule 320, C.P.L.R., provides that the "defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer."

Rule 2103(b) provides that, except where otherwise prescribed by law or order of court, "papers to be served upon a party in a pending action shall be served upon his attorney."

Appellants, on advice of their Texas attorney, took no active part in the New York proceedings after the awards were made

and take the position here that Lazarus had no authority to enter an appearance for them in the New York court; that he was employed to represent them in the arbitration proceedings up to the making of the awards, and that thereafter he had no authority to act for them. Lazarus testified by deposition that in filing his affidavits in opposition to the motion to confirm and for judgment he thought in good faith that he was authorized to do so; that he was employed by appellants to represent them generally in the arbitration proceedings for an agreed flat fee; that he charged no additional fee for resisting the motion to confirm and for judgment because he considered it all a part of the work he was employed and paid to do.

## OPINION

When appellants entered into these written contracts providing for arbitration in New York, they were charged with notice of the New York laws pertaining to arbitration and consented to be bound thereby. Appellants now say, however, that their consent was limited strictly to the matter of arbitration, and that when appellee's counsel filed the motion for confirmation of the awards and for judgment thereon this was the filing of a new suit, of which they were entitled to be notified by summons or citation served on them personally within the limits of the State of New York, citing Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, and that when the awards were made by the arbitration board the attorney-client relationship theretofore existing between them and Mr. Lazarus came to an end.

The above mentioned New York statutes, as well as the above quoted paragraph 16 of the contracts between the parties, specifically recognize that the application for judgment upon an award is a part of the arbitration proceeding. This is in harmony with the New York decisions. See Mossman v. Motor Vehicle Acc. Indemnification Corp., 19 A.D.2d 842, 244 N.Y.S.2d 565, holding that the motion to confirm "finalizes the arbitration award and is therefore an integral part of the arbitration procedure necessary to protect the interests of the parties."

The New York cases seem to be uniform in holding that an agreement to arbitrate within a given jurisdiction is a submission to the law and courts of that jurisdiction and to any procedures in that jurisdiction necessary to bring the arbitration to an effective conclusion. Application of Liberty Country Wear, Inc., 197 Misc. 581, 96 N.Y.S.2d 134.

See also Staklinski, Petitioner-Respondent v. Pyramid Electric Co., Respondent-Appellant, 6 A.D.2d 565, 180 N.Y.S.2d 20, affirmed 6 N.Y.2d 159, 188 N.Y.S.2d 541, 160 N.E.2d 78, wherein it was said:

"There was an agreement to arbitrate in accordance with rules of the American Arbitration Association and, pursuant to such rules, New York was selected as the locale for the hearing. It constituted, in effect, a consent of the parties to the jurisdiction of the Supreme Court of this state to enforce such contract."

As held in Aarons v. Local 32–E, Building Service Employees International Union, Sup., 82 N.Y.S.2d 262, in submitting to arbitration a party must be deemed to have put in a general appearance in a special proceeding and to have waived any question of jurisdiction.

Moreover, in our opinion appellants are also bound by the fact that their own attorney, while admittedly authorized to represent them, and with their knowledge and consent, invoked the jurisdiction of the New York court to compel appellee, over its vigorous protest, to consolidate its claims and try them in one proceeding. They are in no position now to deny the authority of that court to render an *in personam* judgment against them.

We do not think due process has been denied appellants in this case. After volun-

tarily submitting themselves to the New York laws and the jurisdiction of its courts, not only by their written contracts but by invoking the jurisdiction of the very court whose judgment they now say is void, and after notice of the motion to confirm and for judgment was served upon their attorney and they were informed of this fact and of their attorney's opposition thereto, they remained silent and let the hearing of the motion be held without further protest or objection, apparently willing to accept the benefits if the efforts of Mr. Lazarus were successful, but now say they are not bound by the unfavorable result. This the law does not permit them to do. Baughan v. Goodwin, Tex.Civ.App., 162 S.W.2d 732, wr. ref. w. o. m.

Being of the opinion that the summary judgment was correct, we affirm it.

Affirmed.