■ In the Matter of the Arbitration between NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, and ROBERT MONROE, Respondent.—Judgment, Supreme Court, New York County, entered September 19, 1979, unanimously reversed, on the law and the facts, together with costs, the application granted and the proceeding remanded for a hearing on the merits. The issue is whether petitioner is barred from making an application to stay arbitration by virtue of the expiration of 20 days since service of the demand for arbitration (CPLR 7503, subd [c]). On February 16, 1979, respondent purported to comply with the statute by serving petitioner, by mail, with a set of 18 documents including a demand for uninsured motorist arbitration. The documents which primarily consisted of medical records and medical bills were forwarded under cover of a handwritten note, as follows: (copied from handwritten note) "Enclosed find bill and report of Coney Island Hospital, the bill and report of Jamaica Hospital is also enclosed, you have received the Police report. On Phillips' Report, Demand is enclosed, Please pay him, Lost Wages have also been paid & understand *[sic]."* Although the demand for arbitration was on paper the same size as the other documents, it was folded over into quarters with the writing facing inward and stapled to the back of the eleventh document, in such a manner as not to indicate its contents or purpose. Although it may well be that petitioner could have discovered the nature of the document by a careful examination of the entire batch of documents, we have concluded that the service in such a manner was a nullity. The function of process is to give notice. Process must be served in a manner calculated to notify the opposing party of the relief sought and must give that party an opportunity to defend or oppose. Due process requires that the notice be served in such a manner as to apprise the interested party of the pendency of the proceed-

ings and afford an opportunity to resist or present objections. When "notice is a person's due, process which is a mere gesture is not due process." *(Mullane v Central Hanover Trust Co.,* 339 US 306, 315; *Matter of Empire Mut. Ins. Co. [Levy],* 35 AD2d 916.) A method of service which is misleading and disguises the contents or seeks to prevent actual knowledge of the contents before it is too late to interpose opposition is no service at all. If the purpose of service is to give notice of the proceeding and effectively limit the time in which to respond or resist, it must be held that where the notice is physically masked and concealed, it is invalid *(Matter of Bonesteel,* 16 AD2d 324; see *Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291, 296). Nor is respondent aided by cases holding that service is sufficient where the fact that a particular paper was being served "is clearly noted on the legal cover for the papers, and is evident from a mere examination of the papers." *(Schulze v Pray,* 13 Misc 2d 737, 738.) The covering handwritten letter here is plainly misleading. The portion relied upon by respondent reads: "Dr. Phillips' report, demand is enclosed, please pay him." The report referred to includes a bill from Dr. Phillips. A reading of the text would easily cause one to conclude that a demand for payment to Dr. Phillips is intended. A misleading statement is not notice and is a nullity *(Crawford v Merrill Lynch, Pierce, Fenner & Smith, supra).* It is immaterial that no covering letter is required by the statute. The fact is the covering letter was misleading and the notice was folded and secreted in other papers. Since the expiration of the 20-day period prescribed by the statute terminates the right of the one against whom arbitration is sought to contest the right to arbitration, the notice must be properly served. One who requires "strict compliance by another or cut off that other's rights must himself be held to the fullest standards of practice" *(Sleepy Hollow Dev. & Community Improvement Housing Dev. Fund Co. v De Angelis,* 51 AD2d 267, 270). The notice which due process requires is notice reasonably calculated to apprise one whose rights are sought to be barred of the claim asserted against him. The admitted fact that petitioner received the notice does not aid the respondent. Where the service is made in such a manner as to conceal its purpose and contents, one who serves the notice will not be heard to complain about the failure of the one upon whom the notice was served to discover that which was concealed. We do not reach or pass upon the merits and hold only that on these facts the service was a nullity. Our holding should be understood as limited to the situation here presented where it is found that service of the demand in the manner described was made for the purpose of hindering or preventing a contest of the right to arbitration within the 20-day statutory limitation. Concur—Fein, J. P., Sandler, Sullivan and Bloom, JJ.