■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and MARGARITA SANTIAGO et al., Appellants. — In a proceeding to stay arbitration, the appeals are (1) from an order of the Supreme Court, Queens County (Kunzeman, J.), dated January 26, 1981, which, *inter alia,* granted a stay pending determination of the issue of coverage and (2) as limited by appellants' brief, from so much of a further order of the same court, dated March 23, 1981, as, upon reargument, adhered to the original determination. Appeal from the order dated January 26, 1981, dismissed as academic. Said order was superseded by the order granting reargument. Order dated March 23, 1981 reversed, insofar as appealed from, on the law, order dated January 26, 1981 vacated, and application to stay arbitration denied. The parties are directed to proceed with arbitration forthwith. Appellants are awarded one bill of $50 costs and disbursements to cover both appeals. CPLR 7503 (subd [c]), which provides, *inter alia,* that "[a]n application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded", has been strictly construed. (See *Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182; *Matter of Spychalski [Continental Ins. Cos.],* 45 NY2d 847.) In the matter herein, petitioner did not make its application for a stay until 46 days after the demand for arbitration had been received. Appellants' attorney had sent the demand with some 35 other documents, including medical and special damage reports, police reports and a letter indicating that the Allstate insurance policy covering the offending vehicle had been canceled. His cover letter referred to these other documents as being "enclosed", whereas the last paragraph of said letter stated that "[t]he Demand for Arbitration herein will not be filed with the American Arbitration Association for 30 days from date to avoid *[sic]* you an opportunity to review this file and if you wish to settle it to save the added expenses to both of us of involving the Arbitration Association in this matter." We do not believe that this writing was intended to mislead petitioner or conceal the fact that a demand for arbitration was enclosed. Petitioner's reliance upon *Matter of Nationwide Mut. Ins. Co. (Monroe)* (75 AD2d 765) is, therefore, misplaced. The fact that petitioner alleges that insurance is available to appellants, i.e., claiming that Lumbermens Mutual Insurance Com-

pany insured the offending vehicle at the time of the accident, does not give the court authority to invade a Statute of Limitations when the application was untimely filed. (See CPLR 201.) Hopkins, J. P., Gibbons, Rabin and Cohalan, JJ., concur.