■ RIDER INSURANCE COMPANY, Appellant, v JOSEPH MARINO, Respondent. — In a proceeding to permanently stay arbitration, the appeal is from a judgment of the Supreme Court, Queens County (Linakis, J.), dated January 27, 1981, which, *inter alia,* denied the application. Judgment reversed, on the law, with $50 costs and disbursements, and proceeding remitted to Trial Term for further proceedings consistent herewith. The application is granted to the extent that arbitration is temporarily stayed pending a new determination by Trial Term. Respondent demanded arbitration of his claim for benefits pursuant to a motor vehicle insurance policy that petitioner argued had not been issued until after the accident giving rise to respondent's injuries. Petitioner therefore sought to stay arbitration on the ground that the dispute was not arbitrable because the agreement to arbitrate was predicated on the purportedly nonexistent policy coverage. Trial Term dismissed the proceeding on the grounds that the service of the application for the stay of arbitration had been untimely, having been posted more than 20 days after receipt of respondent's arbitration demand, and that service had been made by ordinary mail rather than by the methods specified by statute. (See CPLR 7503, subd [c]; *Matter of Yak Taxi v Teke,* 41 NY2d 1020.) We agree that the application for a stay had been untimely served, although the issue of the method of service, raised *sua sponte* by Trial Term, had been waived by respondent's failure to object on that ground. But we conclude that the application should not have been denied under the circumstances of this case. The arbitration demand had been mailed by respondent to the petitioner at a post-office box address location used for business unrelated to the business at hand. The prior dealings between the respondent's attorney and petitioner had revealed the proper address to which the arbitration demand should have been sent. Therefore, the demand could be found to have been a nullity. (See *Matter of Empire Mut. Ins. Co. [Levy],* 35 AD2d 916; *Matter of Allstate Ins. Co. v Feldman,* 65 AD2d 571; Siegel, New York Practice, § 593, p 849.) Additionally, respondent's attorney had enclosed the arbitration demand in the middle of a packet of documents submitted in support of his benefits claim. The letter covering these materials made only the following vague and superficial reference to the demand in itemizing the enclosed documents: "We have enclosed all of the special damages sustained by our client, including hospital report, records, and bills * * * ambulance service bills demand for arbitration and any transportation expenses to doctors incurred by Mr. Marino". The totality of the circumstances indicates that respondent's service of the arbitration demand was calculated to hinder or prevent a contest by petitioner of the arbitrability issue. (See *Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291; *Matter of Nationwide Mut. Ins. Co. [Monroe],* 75 AD2d 765; cf. *Matter of State Farm Mut. Auto Ins. Co. [Santiago],* 84 AD2d 552.) In the interest of efficiency, we shall not treat both the arbitration demand and the stay application as nullities; instead, we shall provide that this matter continue on to a resolution by offsetting petitioner's tardiness in serving its application for a stay against respondent's improper preclusion tactics in serving the demand. (See *Bastone v Dial-a-House, Inc.,* 100 Misc 2d 1026.) We cannot, however, determine the merits of the arbitrability issue on the present record because there is a disputed issue of fact, i.e., the effective date of the insurance policy. Therefore we remit this proceeding to Trial Term for a determination of this issue as a predicate to deciding petitioner's application for a permanent stay of arbitration. Margett, J. P., O'Connor, Weinstein and Bracken, JJ., concur.