■ In the Matter of the Arbitration between AMERICAN SECURITY INSURANCE COMPANY, Appellant, and ROBERT TABACCHI, Respondent. — In a proceeding to permanently stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated September 17, 1982, which denied the application as untimely made. Judgment reversed, on the law, with costs, petition granted and arbitration is permanently stayed. Petitioner insurance company brought this application to permanently stay arbitration of an automobile hit-and-run accident claim filed by its insured on the ground that a condition precedent to coverage, namely, a prompt report of the event, had not been met. On behalf of his client, attorney Norman Eric Teitler submitted an affirmation opposing the proceeding on the sole ground that the application was untimely made after service of his demand for arbitration under CPLR 7503 (subd [c]). Petitioner conceded that its application was untimely but alleged that Teitler had engaged in the same sharp practices that were previously found by this court to vitiate his arbitration demand (*Rider Ins. Co. v Marino,* 84 AD2d 832), and that prompted his censure in a written decision by Special Term, Kings County (Vaccaro, J.), in an earlier matter involving Rider Insurance Company. Special Term erred in rejecting this argument. Claimant cannot raise the issue of untimeliness when his attorney engages in tactics calculated to hinder or prevent a contest by petitioner of the arbitrability issue by enclosing notice of the adversarial proceeding of arbitration in the middle of a packet of documents submitted in support of his benefits claim under cover of a letter that buried reference to the notice in the final paragraph between two sentences politely inviting the petitioner to telephone if it had any questions respecting amicable settlement of the claim (*Rider Ins. Co. v Marino, supra*). Sandwiching the reference to the arbitration demand at that point in an otherwise undemanding communication was no different than slipping it in between the list of supporting documents as was done in the *Rider Ins. Co. v Marino* case. Inasmuch as the sole basis for opposing petitioner's application was its tardiness, and given our decision rejecting that argument, petitioner's application must be granted and arbitration permanently stayed. Lazer, J. P., O'Connor, Bracken and Brown, JJ., concur.