■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPANY, Appellant, and HENSON RICHARDS, Respondent. — In a proceeding pursuant to CPLR 7503 (subd [b]) to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Queens County (Graci, J.), which, *inter alia,* denied the application. Judgment affirmed, without costs or disbursements. On February 14, 1982, Henson Richards allegedly sustained physical injury when the vehicle he was operating was involved in an accident with an uninsured vehicle. By demand, dated November 24, 1982, received by petitioner on November 29, 1982, he requested arbitration based upon the uninsured motorist indorsement on an automobile liability policy written by petitioner and issued to him. Thereafter, by notice of petition dated February 14, 1983, petitioner applied, pursuant to CPLR 7503 (subd [b]), for a stay of arbitration on the ground that the policy was not in effect at the time of the accident. Special Term concluded that it did not have jurisdiction to entertain petitioner's application as it was time barred. We agree. CPLR 7503 (subd [c]) provides in pertinent part that "[a]n application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded", and the failure to make a timely application to stay arbitration will bar a party from obtaining such relief (see *Matter of CNA [Pough],* 99 AD2d 510; *Matter of Reynolds v Boston Old Colony Ins. Co.,* 83 AD2d 842; see, also, *Matter of Spychalski [Continental Ins. Cos.],* 58 AD2d 193, 195, affd 45 NY2d 847). In sum, the courts are without discretion to extend the statutory time period where there has been a failure to timely apply for a stay (*Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182; *Matter of Allstate Ins. Co. [Ness],* 32 AD2d 912; cf. *Matter of State Farm Mut. Auto. Ins. Co. [Santiago],* 84 AD2d 552; *Matter of American Security Ins. Co. [Tabacchi],* 95 AD2d 808). Accordingly, having failed to timely move for a stay in response to the demand for arbitration, petitioner's application is time barred. Inasmuch as the issue at bar relates to whether the arbitration clause in the contract was still in effect at the time of the accident, as opposed to whether there ever was such an agreement in existence, we do not read *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264) to require a contrary result. We have reviewed petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Weinstein, Rubin and Boyers, JJ., concur.