■ In the Matter of BALBOA INSURANCE COMPANY, Respondent, v RAYMOND BARNES, Appellant.—In a proceeding pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated September 13, 1985, which granted the application of the petitioner Balboa Insurance Company for a stay of arbitration.

Ordered that the judgment is modified, on the law, by providing that the arbitration is temporarily stayed. As so modified, the judgment is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for an evidentiary hearing and determination as to whether the stay of arbitration should be permanent.

The central issue on appeal is whether a petition to stay arbitration served more than 20 days after the receipt of a demand for arbitration is untimely where the record contains evidence that the demand for arbitration was concealed amidst a packet of documents which were served by the appellant in support of his uninsured motorist claim.

This court, in *Rider Ins. Co. v Marino* (84 AD2d 832) was confronted with virtually the identical issue raised herein. We concluded in the *Rider* case that: "[t]he totality of the circumstances indicates that respondent's service of the arbitration demand was calculated to hinder or prevent a contest by petitioner of the arbitrability issue. (See *Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291; *Matter of Nationwide Mut. Ins. Co. [Monroe],* 75 AD2d 765; cf. *Matter of State Farm Mut. Auto Ins. Co. [Santiago],* 84 AD2d 552.) In the interest of efficiency, we shall not treat both the arbitration demand and the stay application as nullities; instead, we shall provide that this matter continue on to a resolution by offsetting petitioner's tardiness in serving its application for a stay against respondent's improper preclusion tactics in serving the demand. (See *Bastone v Dial-a-House, Inc.,* 100 Misc 2d 1026.)"

We find that a similar result is warranted at bar. The present record discloses that the demand for arbitration was enclosed in the middle of a packet consisting of 11 documents, which were mailed to the petitioner's home office in California, despite the fact that the petitioner's general agent, Cen-

tral Claims Adjustment Inc., had previously requested "that all future correspondence be sent directly to our [New York] office". We cannot countenance the type of dilatory tactics engaged in by the appellant's counsel and, therefore, hold that the appellant is estopped from raising the defense of untimeliness as a means of preventing the petitioner from contesting or opposing arbitration of the issues raised in the appellant's demand (see also, Matter of American Sec. Co [Tabacchi], 95 AD2d 808; Matter of Empire Mut. Ins. Co. [Levy], 35 AD2d 916).

We further find, however, that the question of whether the arbitration should be permanently stayed cannot be determined in the absence of an evidentiary hearing, in view of the many unresolved questions of fact which bear on the arbitrability issue, including, inter alia, the status of the offending vehicle, and whether the appellant has complied with the terms of his policy of insurance. Accordingly, the judgment appealed from is hereby modified and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.