■ In the Matter of the Arbitration between ALBANY PORT DISTRICT COMMISSION, Appellant, and EDWARD B. FITZPATRICK, JR., CONSTRUCTION COMPANY, INC., Respondent.—Kane, J.

Petitioner and respondent entered into a contract on March 10, 1980 for construction work to be performed at a marine terminal of the Port of Albany. Public funds were appropriated for the project under Laws of 1979 (ch 397). When the bids on the project far exceeded the appropriation, Cibro Petroleum Products, Inc., the lessee of the terminal involved in the project, agreed to provide the additional funding in the event it was needed. Respondent received periodic payments provided for under the contract as the work progressed. On May 28, 1982 respondent notified petitioner that the project had been completed. Respondent has not yet received final payment of the balance due under the contract and has claimed additional compensation as extra costs. The total amount claimed to be owed is $1,151,555.32.

The parties engaged in unproductive negotiations. Petitioner contends that numerous requests have been made for respondent to supply documents required under section 8.9 of the contract which it asserts are necessary to conduct a State audit and to process final payment. In spite of this, petitioner contends respondent has refused to comply. Respondent maintains that the contract contains no requirement that documentation be supplied as a prerequisite to final payment and that such a demand was not made until late May 1985. During the course of these negotiations, a demand for arbitration was received by petitioner on August 6, 1984. Although petitioner maintained that arbitration of the dispute would be premature, the arbitration was scheduled by mutual agreement for June 19 and 20, 1985. On June 14, 1985, petitioner obtained an order to show cause, containing a temporary stay, bringing on the instant application to stay arbitration. Respondent cross-moved to compel arbitration. In due course, Special

Term denied petitioner's application for a permanent stay and granted respondent's cross motion to compel arbitration. This appeal by petitioner ensued.

Petitioner's primary contention is that the present dispute is not arbitrable for reasons of public policy. Specifically, petitioner notes that *State funds* have been specifically appropriated for the improvements at the Port of Albany *(see,* L 1979, ch 397). Since State funds are involved, petitioner maintains that a State audit of the funds paid to respondent is required by the statutory payment procedures outlined in Laws of 1979 (ch 397). Petitioner claims that public policy is threatened by an arbitration of the amount owed to respondent as final payment because the award might not be consistent with the statutory payment procedure.

On the facts of this case, petitioner's argument must be rejected. Initially, we note that petitioner's status as a public corporation establishes it as an independent entity, separate from the State and not equivalent to an agency of the State *(see, Matter of Dormitory Auth. [Span Elec. Corp.],* 18 NY2d 114; *see also,* L 1925, ch 192; L 1927, ch 523; L 1929, ch 293; L 1932, ch 631; L 1933, ch 406). Moreover, petitioner's contention that State funds are to be expended is undermined by its concession that all the available public funds have already been exhausted and any balance is to be paid by Cibro Petroleum. In *Matter of Smith v Levitt* (37 AD2d 418, *affd* 30 NY2d 934), this court considered a financing scheme similar to the case at bar. Both public and private moneys were to be expended on a project under the supervision of the New York State Urban Development Corporation. When the expenditure of the private funds was challenged as unconstitutional because there had not been an audit by the Comptroller, it was determined that an audit of the State funding is all that is required *(supra).* Consequently, petitioner has failed to establish that submission of the present dispute to arbitration would contravene public policy.

Finally, we find that by failing to move for a stay within 20 days, as required by CPLR 7503 (c), petitioner has waived all preliminary objections to arbitration, including the question of whether there has been compliance with any condition precedent to arbitration contained in the contract *(see, Matter of State Farm Mut. Auto Ins. Co. [Richards],* 99 AD2d 785; *Matter of Woodcrest Fabrics [Taritex, Inc.],* 98 AD2d 52). A review of the record provides no support for petitioner's assertion that respondent should be estopped from raising the 20-day time limitation. The order should therefore be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.