■ In the Matter of AMERICAN CASUALTY COMPANY, Appellant, v EVELYN MCCOY, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist's claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (D'Amaro, J.), entered November 13, 1986, which denied the petition without hearing.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted for an evidentiary hearing in accordance herewith to determine if the petition was served on September 29, 1986, pursuant to the provisions of CPLR 7503 (c) and whether the respondent gave notice of her claim as soon as practicable.

The respondent's parked automobile was damaged on October 30, 1985, when it was struck by an automobile operated by John Turner, an allegedly uninsured motorist. On September 8, 1986, the respondent served the petitioner with a demand for arbitration pursuant to the uninsured motorist clause of the automobile policy which had been issued to her by the petitioner.

The instant proceeding to stay arbitration was instituted by service of a petition claimed to have been mailed on September 29, 1986.

The Supreme Court found such service to be untimely in that CPLR 7503 (c) requires that "[a]n application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be * * * precluded", and that excluding the day of

service of the demand, September 8, 1986 *(see,* General Construction Law § 20), 20 calendar days would set the last date of the period at September 28, 1986.

General Construction Law § 25-a (1) provides that "[w]hen any period of time, computed from a certain day, within which * * * an act is * * * required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day".

The provisions of General Construction Law § 25-a have been applied to Statutes of Limitations *(Matter of Scuderi v Board of Educ.,* 49 AD2d 942, *appeal dismissed* 38 NY2d 848) and the 20-day period provided for by CPLR 7503 (c) has been held to be the equivalent of a Statute of Limitations *(Matter of Woodcrest Fabrics [Taritex, Inc.],* 98 AD2d 52, 54; *Matter of State Farm Mut. Auto. Ins. Co. [Santiago],* 84 AD2d 552, 553).

Therefore the Supreme Court, after noting that September 28, 1986 was a Sunday, was in error in finding service on Monday, September 29, 1986, was untimely.

An evidentiary hearing is nevertheless necessary since on this motion the petitioner did not have the opportunity to controvert the respondent's claim of untimeliness and defectiveness of service pursuant to CPLR 7503 (c). The sworn statements including such claims were dated two days after the return date of the motion, and the Supreme Court did not reach the respondent's claim of defective service.

An evidentiary hearing is also required in light of the police accident report submitted with the petition to stay arbitration that indicates that Turner was issued a summons for operating an uninsured vehicle at the time of the accident. Such report raises questions of fact on the issue of whether the respondent gave the petitioner notice of the uninsured claim as soon as practicable as required by the insurance policy *(see, Matter of Balboa Ins. Co. v Barnes,* 123 AD2d 691, 692). Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.