**HARBISON–FISCHER MANUFACTUR-
ING COMPANY, INC., Appellant,**

v.

**MOHAWK DATA SCIENCES CORPORA-
TION, its Assignee, Decision Data Com-
puter Corporation, and Broc L. Sterett,
Individually, Appellees.**

No. 2–90–260–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 18, 1991.

Rehearing Denied March 10, 1992.

Bishop, Payne, Lamsens, Williams & Werley and Michael B. Hunter, Fort Worth, for appellant.

Mankoff, Hill, Held & Goldburg, P.C., and Bruce K. Thomas, Dallas, for appellee.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

Harbison–Fischer Manufacturing Co., Inc. appeals from a judgment in favor of Mohawk Data Sciences Corp., its assignee Decision Data Computer Corp., and Broc L. Sterett, the appellees. The appellees had obtained their judgment in the State of New York confirming the results of arbitration between the appellant and appellees conducted in that state. Subsequently, the appellees filed their judgment in Texas in accordance with the Uniform Enforcement of Foreign Judgments Act (UEFJA), TEX. CIV.PRAC. & REM.CODE ANN. ch. 35 (Vernon 1986). Harbison–Fischer contends in six points of error that the trial court erred in: (1) overruling its plea in abatement; (2) overruling its motion to vacate the New York judgment; (3) determining that the New York judgment is entitled to full faith and credit; (4) recognizing the New York judgment under the UEFJA; (5) excluding from evidence the affidavits of Charles K. and Jill Fischer; and (6) refusing to make findings of fact and conclusions of law.

We affirm because: (1) the trial court did not err in overruling Harbison–Fischer's plea in abatement since Harbison–Fischer did not seek abatement in the New York suit, and its attempt to use a plea in abatement does not promote the orderly disposition of litigation, which is the very purpose of a plea in abatement; (2) the trial court did not err in overruling Harbison–Fischer's motion to vacate the New York judgment, in determining that the New York judgment is entitled to full faith and credit, and in recognizing the New York judgment under the UEFJA, for all the reasons stated in this opinion; (3) the trial court did not err in excluding from evidence the affidavits of Charles K. and Jill Fischer; and (4) the trial court did not err in refusing to make findings of fact and conclusions of law.

Harbison–Fischer and Mohawk entered into a written agreement in 1982 for Harbison–Fischer to purchase certain computer equipment from Mohawk. The next year Harbison–Fischer paid a deposit in connection with the purchase of the computer equipment, but subsequently refused to take delivery. Harbison–Fischer sued Mohawk in the 348th District Court for breach of the agreement.

The agreement between Harbison–Fischer and Mohawk contained a clause requiring arbitration of disputes in New York. The judge of the 348th District Court stayed proceedings pending such arbitration. Following an arbitration hearing in New York, the arbitrator entered its award denying Harbison–Fischer's claims and ordering Harbison–Fischer to pay to Mohawk and Sterett $21,793.00 with interest of 9% from January 1, 1984, attorney's fees of $17,000.00, and costs.

Harbison–Fischer subsequently filed an application in the 348th District Court of Texas to stay proceedings to enforce award to prevent Mohawk from reducing the arbitration award to judgment in New York. Because Harbison–Fischer failed to verify its application, the trial court dismissed it without prejudice to Harbison–Fischer filing a verified application.

Mohawk pursued enforcement of the arbitration award in the New York courts without any further response or interference from Harbison–Fischer. Mohawk obtained the judgment in question in this cause in the Supreme Court of New York in Oneida County. The judge signed the judgment on April 20, 1990. The judgment was entered for record by default on May 9, 1990. On July 6, 1990, Mohawk filed the New York judgment in Tarrant County pursuant to the UEFJA. The judgment was filed in the 17th District Court of Tarrant County.

On July 13, 1990, Harbison–Fischer filed an original answer, its plea in abatement, and a motion to vacate the judgment. The trial court denied the plea in abatement on August 3, 1990, and overruled the motion to vacate on August 16, 1990.

In its plea in abatement, Harbison–Fischer asked that this proceeding in the 17th District Court be abated because of the prior case dealing with the same parties and the same subject matter in the 348th District Court.

Harbison–Fischer filed its second amended motion to arrest judgment on August 23, 1990, characterizing its motion to vacate as a motion to arrest judgment. Also on August 23, Harbison–Fischer filed in the 17th District Court a motion for new trial and request for findings of fact and conclusions of law. The trial court did not rule on either of the motions, nor did it file any findings of fact or conclusions of law.

■ Mohawk contends in its brief that this court does not have jurisdiction of this appeal because Harbison–Fischer did not timely perfect its appeal. As we have noted, the New York judgment was signed on April 20, 1990. However, to use the date a foreign judgment was signed as the date of signing for post-judgment purposes as in the case of other judgments would be inconsistent with section 35.003 of the Texas Civil Practice and Remedies Code, which provides that such a filed judgment is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing or satisfying a judgment as a judgment of the court in which it is filed. TEX.CIV.PRAC. & REM.CODE ANN. sec. 35.003(c). If the appellate timetable ran from the date the judgment was signed in the foreign state, a party could wait until sufficient time following the signing of that judgment before filing it in Texas, thereby precluding any motion that one could ordinarily present with respect to a Texas judgment. Consequently, for purposes of the appellate timetable, we hold that this judgment became a signed judgment in the courts of Texas on July 6, 1990, the date it was filed in the 17th District Court. *See Moncrief v. Harvey*, 805 S.W.2d 20, 23 (Tex.App.—Dallas 1991, no writ).

Rule 41 of the Texas Rules of Appellate Procedure provides that security for costs on appeal shall be filed with the clerk within thirty days after the judgment is signed, or within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party, or if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury. Harbison–Fischer filed a cash deposit in lieu of a cost bond on October 3, 1990, more than thirty days from July 6, 1990.

We next consider whether Harbison–Fischer timely filed a motion for new trial or request for findings of fact and conclusions of law. In any case tried in district or county court without a jury, a request for findings of fact and conclusions of law must be filed within twenty days after the judgment is signed. TEX.R.CIV.P. 296. Harbison–Fischer's request for findings of fact and conclusions of law was concerned with a post-trial hearing and not the trial underlying the judgment. It was filed on August 23, 1990, more than twenty days from July 6, 1990.

TEX.R.CIV.P. 329b(a) provides that a motion for new trial, if filed, must be filed prior to or within thirty days after the judgment or other order complained of is signed. We construe this appeal to be an appeal from the New York judgment that has by filing become a judgment of the 17th District Court. Harbison–Fischer's motion for new trial was filed on August 23, 1990, more than thirty days from July 6, 1990.

■ TEX.R.CIV.P. 329b(g) provides that the filing of a motion to modify, correct, or reform the judgment extends the time for perfecting an appeal in the same manner as a motion for new trial. Harbison–Fischer filed a motion to vacate on July 13, 1990, asking the court to vacate the judgment and declare it null and void. Whether we construe that motion as a motion for new trial or as a motion to modify, correct, or reform the judgment, it was filed within thirty days of July 6, 1990, and had the effect of extending the time for perfecting an appeal to ninety days after July 6, 1990. Because Harbison–Fischer filed its cash deposit in lieu of security bond on October 3, 1990, less than ninety days after July 6, 1990, we hold that its appeal was perfected.

Harbison–Fischer contends in point of error number one that the trial court erred in overruling its plea in abatement, in which it urged that the New York case involved the same parties and the same controversy as that pending in the 348th District Court, giving the 348th District Court dominant

jurisdiction, and that Mohawk's claim against it was a compulsory counterclaim in the action in the 348th District Court, a counterclaim barred by the statute of limitations.

■■■ The plea in abatement is based upon the public interest in the orderly disposition of litigation. 2 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS sec. 7.09 (rev. 1982). The plea may be urged to delay proceedings in a second suit, generally one that involves the same issues or parties. *Id.* at sec. 7.10. In this case Harbison–Fischer did not seek to abate the second case, that is the proceeding in New York. As we have noted, it purposefully chose not to participate in that proceeding. Instead, it waited until judgment was obtained in New York, then sought plea in abatement when Mohawk sought to enforce its New York judgment in Texas. Such a use of the plea in abatement runs contrary to and does not promote the orderly disposition of litigation. Consequently, we hold that the trial court did not err in overruling Harbison–Fischer's plea in abatement. We overrule point of error number one.

Harbison–Fischer contends in points of error numbers two, three, and four that the trial court erred in overruling its motion to vacate, in determining that the New York judgment is entitled to full faith and credit, and in recognizing the New York judgment under the UEFJA. Harbison–Fischer contends that the New York judgment is not entitled to full faith and credit because the New York court did not have personal jurisdiction over it based on insufficient service of process; the judgment has not been properly authenticated as required by section 35.003, Texas Civil Practice and Remedies Code (UEFJA); the New York judgment was not attached to any pleading nor introduced into evidence; the jurisdictional facts supporting the New York judgment do not appear on the face of the record; the New York judgment is not final because the time has not run in New York within which a defaulting defendant may seek to set such a judgment aside; Harbison–Fischer did not maintain sufficient minimum contacts for the exercise of in personam jurisdiction by the New York Court; and the UEFJA is unconstitutional.

We will first consider Harbison–Fischer's contention that the trial court erred by according full faith and credit to the New York judgment.

Article IV, section 1, of the United States Constitution requires that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. Congress provided in 28 U.S.C.A. sec. 1738 (1989) for the requirement for a judgment of a court to be properly authenticated, and further provided that such an authenticated judgment is to have the same full faith and credit as it has in the state from which it is taken. Chapter 35, Texas Civil Practice and Remedies Code, UEFJA, provides for the procedure of filing foreign judgments so as to give them the same effect as Texas judgments. TEX.CIV.PRAC. & REM.CODE ANN. sec. 35.003.

Harbison–Fischer contends that, despite these constitutional and statutory requirements, the trial court erred by giving full faith and credit to the New York judgment because the New York court did not have personal jurisdiction over Harbison–Fischer. In support of its contention, Harbison–Fischer urges that service of process did not comply with New York law and that it did not have sufficient minimum contacts to support the exercise of in personam jurisdiction by the New York court.

Evidence before the Texas court below showed that although the *Notice of Petition* served on Harbison–Fischer did not contain the hearing date upon which a default judgment was to be taken, a letter from one Robert Chira, New York counsel for Mohawk, to the president of Harbison–Fischer giving the date of the hearing on the petition, was received by Harbison–Fischer fourteen days before the hearing. The same notice was also sent to Harbison–Fischer's counsel and was received fifteen days before the hearing. The Notice of Petition was personally served on Jill Fischer, a director of Harbison–Fischer, less than eight days before the hearing.

Harbison–Fischer's argument is based on the premise that it is entitled to personal service of the New York proceeding rather than mail notice to it and to its counsel. However, under both Texas and New York law, the application to a New York court for judgment upon an award is a part of the arbitration proceeding. *Brownwood Mfg. Co. v. Tanenbaum Textile Co.*, 404 S.W.2d 106, 109 (Tex.Civ. App.—Dallas 1966, writ ref'd n.r.e.), *cert. denied*, 386 U.S. 944, 87 S.Ct. 977, 17 L.Ed.2d 874 (1967); *Mossman v. Motor Vehicle Accident Indem. Corp.*, 19 A.D.2d 842, 244 N.Y.S.2d 565 (N.Y.A.D. 2 Dept. 1963). Also, an agreement to arbitrate within a given jurisdiction is a submission to the law and courts of that jurisdiction and to any procedures in that jurisdiction necessary to bring the arbitration to an effective conclusion. *Brownwood Mfg. Co.*, 404 S.W.2d at 109; *Application of Liberty Country Wear, Inc.*, 197 Misc. 581, 96 N.Y.S.2d 134 (N.Y.Sup.1950). By agreeing to arbitration and participating in the arbitration proceedings in New York, Harbison–Fischer is deemed to have put in a general appearance in a special proceeding and to have waived any question of jurisdiction. *Brownwood Mfg. Co.*, 404 S.W.2d at 109. Further, Harbison–Fischer was not deprived of due process where the record reflects that it was given notice of the proceeding and where the record reflects that it chose to challenge the proceeding in Texas, rather than appearing in New York based upon what it perceived to be defects in the service of process. *See id.* at 110.

Harbison–Fischer relies on the New York cases of *Nationwide Mutual Insurance Company v. Monroe*, 75 A.D.2d 765, 427 N.Y.S.2d 822 (N.Y.A.D. 1 Dept.1980) and *Balboa Insurance Co. v. Barnes*, 123 A.D.2d 691, 507 N.Y.S.2d 56 (N.Y.A.D. 2 Dept.1986). We find these cases to be distinguishable because they involve cases in which insurance claimants sending insurance companies demand for arbitration enclosed their demands with numerous other papers and, in the *Balboa* case, sent the demand to the company's California office after being requested to send correspondence directly to the company's New York office. In both cases the courts allowed the insurer the opportunity to contest the arbitration even though more than twenty days from the date of service had elapsed. In the case at bar the parties were already involved in arbitration and Harbison–Fischer had actual notice of the default judgment proceeding and purposefully determined not to participate in it.

We next consider Harbison–Fischer's contention that the New York judgment has not been properly authenticated as required by TEX.CIV.PRAC. & REM.CODE ANN. sec. 35.003. The clerk of the Supreme Court of New York for the Fifth Judicial District and for the County of Oneida represents that the copy is a full and correct copy of the order and judgment. Anthony F. Shaheen, a Justice of the Supreme Court of the State of New York, certified that the clerk who subscribed her name to the exemplification is duly elected and sworn and that full faith and credit are due to her official acts. He also certified that the seal affixed to the exemplification is the seal of the Supreme Court for the Fifth Judicial District, in the County of Oneida, and that the attestation is in due form of law and according to the form of attestation used in New York. The clerk then certified that Justice Shaheen is a presiding Justice of the Supreme Court of the State of New York for the Fifth Judicial District, that he is duly elected, sworn, and qualified, and that his signature is genuine.

TEX.CIV.PRAC. & REM.CODE ANN. sec. 35.003(a) requires that the foreign judgment be authenticated in accordance with an act of congress or a statute of this state. 28 U.S.C.A. sec. 1738 provides that records and judicial proceedings of any court from any state may be proved or admitted by the "attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form." The section further provides that a record so authenticated shall have the same full faith and credit in every court within the United States.

Harbison–Fischer contends that the judgment has not been properly authenticated

because there has been no showing that the person who signed the judgment was in fact a judge. The New York judgment filed by the appellees includes the attestation of the clerk and seal of the court annexed, together with the certificate of a judge of the court that the attestation is in proper form. Consequently, the authentication fulfills the requirements of 28 U.S.C.A. 1738 and therefore the requirements of section 35.003 of the Texas Civil Practice and Remedies Code.

Harbison–Fischer relies on the cases of *Interamerican Lambs Wool Products, Ltd. v. Doxsee Food Corp.*, 642 S.W.2d 823 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.) and *Mathis v. Wachovia Bank & Trust Co., N.A.*, 583 S.W.2d 800 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). We find both cases to be distinguishable since in both cases the judgments affirmatively showed that they had been signed by a clerk, whereas there is no indication on the judgment here that it was signed by anyone in any capacity other than a judge. We also note that this court departed from our holding in *Interamerican Lambs* in the case of *Minuteman Press Int'l, Inc. v. Sparks*, 782 S.W.2d 339, 342 (Tex.App.—Fort Worth 1989, no writ). In that case we held that once a properly authenticated copy of the judgment is introduced, the burden shifts to the defendant to prove any affirmative defenses, including such a defect as not being signed by a judge. *Id.*

Additionally, we should point out that our record contains a properly authenticated opinion letter written prior to the judgment by John S. Parker in his capacity as justice of a Supreme Court of the State of New York. The signature on the judgment appears to be that of Justice Parker. If Harbison–Fischer urges that the judge certifying that the attestation is in proper form must be the same judge who signed the judgment, such is not required by 28 U.S.C.A. 1738, and Harbison–Fischer cites us to no authority that has imposed such a requirement.

■ Harbison–Fischer insists that there is error because the New York judgment was not attached to any pleading nor was it introduced into evidence. The record reflects that on July 6, 1990, the appellees filed in the Tarrant County District Clerk's office an "Affidavit of Filing Foreign Judgment Pursuant to Enforcement of Foreign Judgment's [sic] Act" and that on the same day the appellees filed a properly authenticated copy of the New York judgment also with the Tarrant County District Clerk. Both documents were filed in the 17th District Court. Section 35.003 requires only the filing of the judgment, and makes no requirement that it be attached to a pleading or introduced into evidence. Harbison–Fischer provides us with no authority for its argument that the judgment must be attached to a pleading or introduced into evidence, and we are not aware of any.

Harbison–Fischer contends that the judgment is not entitled to full faith and credit because the jurisdictional facts supporting the New York judgment do not appear on the face of the record. It does not state what jurisdictional facts are not supported by the record. In any event, we have held that Harbison–Fischer has waived any question of jurisdiction.

Harbison–Fischer urges that the New York judgment is not final because the time has not run in New York within which a defaulting defendant may seek to set such a judgment aside. It also appears to argue that Texas should not give the New York judgment full faith and credit because our Uniform Enforcement of Foreign Judgments Act does not apply to default judgments.

■ Even if a judgment is subject to appeal or if the time has not expired in which to file motion to vacate or for a new trial, the judgment has a finality that entitles it to full faith and credit under the Federal Constitution. *Schwartz v. Vecchiotti*, 529 S.W.2d 603, 607 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Even though New York law might not allow the registration of a Texas default judgment, we are required to follow section TEX.CIV.PRAC. & REM.CODE ANN. sec. 35.003 by permitting the filing of a New York default judgment because our statute

does not have a similar provision excluding default judgments from its application.

■ Harbison–Fischer urges that it did not maintain sufficient minimum contacts for the exercise of *in personam* jurisdiction. We note that it contractually agreed to arbitration in the State of New York. Consequently, we hold that Harbison–Fischer's contention is irrelevant to a determination of the question of whether the New York court had jurisdiction over it where, as here, Harbison–Fischer raised no facts to show its consent to New York jurisdiction was not valid. *See Monesson v. National Equipment Rental, Ltd.*, 594 S.W.2d 780, 781 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.).

■ Finally, Harbison–Fischer contends that as applied in Texas, the UEFJA is unconstitutional because the statute does not provide a procedure by which it may assert defenses to the alleged judgment.

Section 35.003(c) of the Act provides that a filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed. Harbison–Fischer's contentions with respect to the New York judgment were heard in the court below pursuant to its motion to vacate that judgment. It does not tell us what defense, if any, it was prevented from making by the Act allowing the foreign judgment to be filed subject to the filing of motions such as that filed by Harbison–Fischer. We overrule points of error numbers two, three, and four.

■ Harbison–Fischer insists in point of error number five that the trial court erred by excluding two affidavits from evidence, upon the hearing of its motion. The affidavits related to the question as to whether service of the papers in New York were made as required by law. It contends that the affidavits were admissible pursuant to TEX.R.CIV.EVID. 803(6) and (7) and 804(a)(5). The affidavits were hearsay and properly excluded. We do not find them admissible by virtue of the evidence rules cited. We overrule point of error number five.

■ Harbison–Fischer argues in point of error number six that the trial court erred by refusing to make findings of fact and conclusions of law. We agree with the appellees that TEX.R.CIV.P. 296 does not apply to post-judgment proceedings. *See Johnson v. J.W. Const. Co.*, 717 S.W.2d 464, 468 (Tex.App.—Fort Worth 1986, no writ). We overrule point of error number six.

The appellees contend in a cross-point of error that the trial court erred by failing to award attorney's fees. They rely on the contract between the parties; on TEX.CIV. PRAC. & REM.CODE ANN. sec. 35.003(c), which provides that a filed foreign judgment is subject to the same proceeding for enforcing a judgment as a judgment of the court in which it is filed; on Article 238–1 of the Texas Arbitration Act; on TEX.CIV.PRAC. & REM.CODE ANN. sec. 31.002(e) (Vernon 1986); on TEX.R.CIV.P. 13; and on the right of the trial court to award attorney's fees for post-judgment work as set forth in *State v. Wells*, 630 S.W.2d 815, 817 (Tex.App.— Houston [1st Dist.] 1982, no writ).

■ Essentially, the appellees seek by post-judgment motion the recovery of attorney's fees for defending their filing of this New York judgment in Texas. We have examined the authorities that they cite and find that none confers the right to recover attorney's fees for defending the filing of a foreign judgment pursuant to the UEFJA, TEX.CIV.PRAC. & REM.CODE ANN. ch. 35. There being no statutory authority for seeking attorney's fees for defending the filing, we hold that the trial court did not abuse its discretion by failing to award such fees. Even if attorney's fees were provided for in the contract between the parties, we know of no authority allowing fees for post-judgment attorney's fees to be sought in a post-judgment proceeding. We overrule the appellees' cross-point of error.

The appellees ask us to impose sanctions pursuant to TEX.R.APP.P. 84, arguing that the appeal was taken for purposes of delay

without sufficient cause. We do not hold that Harbison–Fischer brought this appeal for delay and without sufficient cause; consequently, we deny the appellees' request that we impose sanctions pursuant to TEX. R.APP.P. 84.

The trial court's orders overruling Harbison–Fischer's pleas in abatement and motion to vacate the New York judgment and overruling the appellees' motion for attorney's fees are affirmed.