■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v DIAMANTIS SIDERIDIS et al., Appellants, and FIREMAN'S INSURANCE COMPANY OF NEWARK et al., Respondents. [670 NYS2d 538] —In a proceeding to stay an uninsured motorist arbitration, the uninsured motorist claimants, Diamantis Sideridis and Kostas Sideridis, appeal from a judgment of the Supreme Court, Nassau County (Trainor, J.), entered May 10, 1996, which granted the petition and permanently stayed the proposed arbitration.

Ordered that the judgment is affirmed, with costs to the petitioner-respondent.

In a prior judgment dated July 30, 1990, the Supreme Court, Queens County (Kassoff, J.), granted an earlier petition for a stay of arbitration in this matter to the extent of vacating a previous demand for arbitration which had been served on behalf of the appellants in 1989. The appellants subsequently served a second demand for arbitration, dated December 29, 1994. This second demand for arbitration was received by the petitioner on January 4, 1995. The petitioner then commenced the instant proceeding on January 13, 1995. In the judgment appealed from, entered May 10, 1996, the court granted the application for a permanent stay of arbitration, based on its conclusion that the offending vehicle had been insured at the time of the accident.

The appellants contend that the instant proceeding is untimely, because it was not commenced within 20 days after December 29, 1989, the date on which the petitioner received the prior demand for arbitration. This argument completely overlooks the fact that the prior demand for arbitration was vacated in response to the petitioner's prior petition for a stay, necessitating the service of a subsequent demand for arbitration, which occurred on or about December 29, 1994. The instant proceeding was timely commenced within the 20-day period (*see,* CPLR 7503 [c]; *see generally, Matter of American Cas. Co. v McCoy,* 138 AD2d 485).

The appellants' remaining contentions are without merit. Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.