■ In the Matter of the Arbitration between State Farm Insurance Companies, Respondent, and Joseph J. DeSarbo, Jr., Appellant. [829 NYS2d 257]—

Lahtinen, J. Appeal from an order of the Supreme Court (Hall, J.), entered May 24, 2006 in Saratoga County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In July 2004, respondent allegedly sustained personal injuries in an automobile accident and was eventually paid $25,000, the limits of the other driver's insurance policy. He also submitted a claim for underinsurance benefits to the local office of petitioner (his insurance company) and, thereafter, had communications regarding the matter with petitioner's offices in Saratoga and Monroe Counties. Petitioner reserved its right to deny coverage and, eventually, on February 16, 2006, respondent sent a demand for arbitration by certified mail, return receipt requested, to petitioner's home office in Bloomington, Illinois. Petitioner sought a stay of the arbitration in an application commenced via an order to show cause, dated and filed April 21, 2006. Respondent contended, among other things, that the application for a stay was untimely under the 20-day limit set forth in CPLR 7503 (c). Supreme Court, without providing a written decision, granted petitioner's request to stay arbitration. Respondent appeals.

We reverse. CPLR 7503 (c) provides that, after a party has served a demand for arbitration, an application to stay the arbitration is precluded if not made within 20 days. The 20-day deadline will not control if the insurer establishes that the original demand was served in a fashion to attempt to cause the insurer to default, such as by concealing it in voluminous, unrelated documents or sending it to a remote, uninvolved office (see Matter of Nationwide Ins. Co. v Singh, 6 AD3d 441, 443-444 [2004]; see also Crawford v Merrill Lynch, Pierce, Fenner & Smith, 35 NY2d 291, 296 [1974]; Matter of Balboa Ins. Co. v Barnes, 123 AD2d 691, 691 [1986]; Rider Ins. Co. v Marino, 84 AD2d 832, 832 [1981]; Matter of Empire Mut. Ins. Co. [Levy], 35 AD2d 916, 916 [1970]).

Here, the demand was dated February 16, 2006 and was received in the home office of petitioner in Illinois on February 20, 2006. After an apparent internal transfer in which it was stamped "P & C Claims" on March 1, 2006, it was forwarded to and received by petitioner's office in Saratoga County on March

7, 2006. Hence, it had made its way back to Saratoga County before the 20 days in which to properly seek a stay had passed. Significantly, thereafter, petitioner waited 45 days before seeking the stay via an order to show cause. The demand sent to the home office was not buried in other documents, but was a short document pertaining only to the demand for arbitration, together with a cover letter which included, in bold print, the policy number, respondent's last name and the date of loss. Moreover, review of earlier correspondence in the record from petitioner's offices in Saratoga and Monroe Counties reveals that reference to the home office in Bloomington, Illinois was included thereon. And, while an affidavit was provided by an employee of petitioner articulating a timeline of events, no explanation was set forth therein as to how mailing the demand to petitioner's home office, which was prominently set forth in prior correspondence, and receiving the demand in the local office before the 20 days expired nevertheless resulted in petitioner being so misled that it was unable to seek a stay for a month and a half (*cf. Matter of Nationwide Ins. Co. v Singh, supra* at 444). Under the totality of circumstances revealed by the record, we conclude that it was error to grant a stay.

The remaining issues are academic.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, and application denied.