■ STATE WIDE INSURANCE COMPANY, Respondent, v STEPHEN KLEIN, Appellant, and COMMERCIAL UNION INSURANCE COMPANY, Added Respondent. — In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered October 6, 1981, which granted the application. The appeal brings up for review so much of an order of the same court entered January 7, 1982, as, upon reargument, adhered to the original determination. Appeal from the judgment entered October 6, 1981, dismissed as academic. Said judgment was superseded by the order granting reargument. Order entered January 7, 1982 reversed, insofar as reviewed, judgment entered October 6, 1981 vacated and application to stay arbitration denied. The parties are directed to proceed with arbitration forthwith. Appellant is awarded one bill of $50 costs and disbursements to cover both appeals. Appellant's attorney had sent to his insurance company, petitioner State Wide Insurance Company, a demand for arbitration with some 11 other documents. When they were received, each document, including the demand, was handstamped with the date. There is no indication that appellant intended to mislead or conceal the fact that the demand was enclosed. Therefore, the holdings in *Matter of Nationwide Mut. Ins. Co. (Monroe)* (75 AD2d 765 [demand sent with 17 other documents was folded into quarters, stapled to the back of the 11th page and sent with a misleading cover letter]), and *Matter of Empire Mut. Ins. Co. (Levy)* (35 AD2d 916 [demand was sent to an outlying branch office not handling the claim]) are inapposite. It appears from the record that rather than appellant attempting to conceal the fact that the arbitration demand was enclosed, petitioner's employee was careless in not noticing a demand for arbitration that had been dated by handstamp. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.