■ WALLACE AUSTIN, Respondent, v. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants. [720 NYS2d 344] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered June 4, 1999, which granted the petition pursuant to Education Law § 3020-a (5) and CPLR 7511 to vacate the determination of the Hearing Officer of guilt of Charge III, specification N of the disciplinary charges brought against petitioner, unanimously reversed, on the law, without costs, respondents' cross-motion to dismiss the petition granted and the determination reinstated.

The Supreme Court erred in applying a CPLR article 78 standard of review, inasmuch as Education Law § 3020-a (5) explicitly requires that a court review a Hearing Officer's decision pursuant to the standard set forth in CPLR 7511. Applying the proper CPLR 7511 standard, the petition must be dismissed, as there was no showing of misconduct, bias, excess of power or procedural defects.

Pursuant to Education Law § 3020-a (3) (c), the rules governing hearing procedures do not require compliance with technical rules of evidence; therefore, a Hearing Officer may accept hearsay testimony (*see, Crossman-Battisti v Traficanti*, 235 AD2d 566, 567; *Matter of Soucy v Board of Educ.*, 51 AD2d 628, 629). Further, the Hearing Officer credited the testimony of the Principal and Assistant Principal and found petitioner's testimony to be inconsistent and incredible (*see, Matter of Healy*

*v Clifton-Fine Cent. School Dist.*, 240 AD2d 892). Thus, the Hearing Officer's finding of guilt with respect to specification III (N) was supported by the record, and in the absence of any valid grounds for vacatur of the award pursuant to CPLR 7511, must be upheld. Concur—Williams, J. P., Andrias, Lerner, Saxe and Buckley, JJ.