■ In the Matter of STEPHANIE CHERRY, Appellant, v NEW YORK STATE INSURANCE FUND, Respondent. [920 NYS2d 342]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered January 14, 2010, which denied the petition seeking to vacate the arbitration award upholding respondent's determination to terminate petitioner's employment based on violations of respondent's zero-tolerance workplace violence policy, and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner failed to meet her heavy burden of establishing that the arbitration award was irrational, or in violation of any

of the grounds enumerated in CPLR 7511 (b) (*see Frankel v Sardis*, 76 AD3d 136, 139-140 [2010]). The record demonstrates that the arbitrator weighed all the relevant evidence, including the testimony of petitioner's coworkers and supervisors, and determined that the accounts of petitioner's threatening behavior in violation of respondent's workplace violence policy was more credible than petitioner's version of the events. There exists no basis to disturb the arbitrator's finding because "unless there is no proof whatever to justify the award so as to render it entirely irrational . . . the arbitrator's finding is not subject to judicial oversight" (*Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 296 [1991]; *see Matter of McMahan & Co. [Dunn NewFund I]*, 230 AD2d 1, 4-5 [1997], *lv denied* 90 NY2d 806 [1997]).

Furthermore, contrary to petitioner's contention, the arbitrator did not engage in misconduct by failing to enforce a discovery order. The record shows that respondent complied with the discovery order and, in any event, petitioner did not raise this argument before the arbitrator and proceeded with the arbitration (*see Matter of Sims v Siegelson*, 246 AD2d 374, 377 [1998] ["'(p)etitioner's claims that the award should be vacated due to (respondent's) non-compliance with the procedures of CPLR article 75 was waived by his participation in the arbitration proceeding without objection"]; CPLR 7511 [b] [1] [iv]).

We have considered petitioner's remaining arguments, including that the arbitrator was biased in favor of respondent, and find them unavailing. Concur—Andrias, J.P., Friedman, Catterson, Moskowitz and Román, JJ.