OPINION OF THE COURT
Manuel J. Mendez, J.
It is ordered and adjudged that the petition, seeking to vacate, and set aside the arbitrator’s decision pursuant to CPLR 7511, and Education Law § 3020-a (5), is granted. The cross motion made in lieu of an answer, seeking to dismiss the petition pursuant to CPLR 404 (a), 3211 (a) (5) and (7) and 7511 is denied.
Petitioner, an openly gay man, is a tenured school librarian/ media specialist with over 20 years of service. He had an unblemished record throughout his career until charges were filed against him in 2008 for the events that were alleged to have taken place between school years 2005/2006, 2006/2007 and 2007/2008. The Department of Education brought charges against him after two separate investigations by the Office of the Special Commissioner of Investigations, hereinafter referred to as “SCI.” The first investigation involved claims of his fail *888 ure to obtain proper school or parental permission before taking students on a field trip to Boston. The second investigation involved claims of inappropriate touching of several students, and it was based on a two-page “cut and paste” copy of e-mail printouts submitted by a student to the Assistant Principal, Eric Grossman. The SCI investigation did not attempt to obtain the full text of the e-mails but relied on interviews of the students who made the accusations, and two students who did not make any accusations and did not think there was inappropriate touching (cross motion, exhibit 3, vol 1, at 340-342, 355-357). The findings of the SCI investigation resulted in the respondent seeking to have petitioner terminated from employment.
Respondent charged petitioner with engaging in inappropriate conduct with several students, misconduct and neglect of duty. The particulars of the charges were set out in nine specifications brought against him. Seven of the specifications were for inappropriately touching several male Students by touching their back, shoulders and spine and whispering into one student’s ear. There were specifications alleging that he struck two male students on the buttocks with a rolled up newspaper; ran his fingers through a student’s hair; grabbed and squeezed another male student’s stomach after being told words to the effect of “Don’t touch me,” and lifted and rubbed the leg of a male student while saying words to the effect of, “Insert foot. Open mouth.” The two remaining specifications against petitioner were for taking seven students on a trip to Boston without proper school or parental permission. He was accused of taking one student on the trip in spite of being explicitly advised by the parents that the student could not attend. (Cross motion, exhibit 1.)
Petitioner was employed at Stuyvesant High School and on February 12, 2008 was reassigned to the New York City Board of Education “Rubber Room” until June of 2009 at which time criminal charges were brought against him. He was criminally charged with endangering the- welfare of a child, two counts of third degree sexual abuse and two counts of second degree harassment, stemming from the investigations at the school. Information concerning the arrest and criminal case was published in the New York Times, New York Daily News, New York Post and broadcast on the NBC evening news (cross motion, exhibit 5, vol 2). The criminal charges were dismissed in October of 2009 after an investigation by the District Attorney’s office. (Cross motion, exhibit 3, vol 2, at 1662-1663.)
*889 When charges are filed against a tenured person, Education Law § 3020-a (3) requires that a disciplinary hearing be conducted by a hearing officer selected from the American Arbitration Association. The disciplinary hearing is a compulsory arbitration. This hearing took place over a period of approximately 12 days, from November of 2009 through January of 2010, and was concluded by post-hearing submissions on April 28, 2010. At the hearing petitioner was represented by an attorney provided by his union; he produced and cross-examined witnesses, and produced additional evidence. The respondent produced and cross-examined witnesses, introduced evidence from SCI investigators, school administrators and other documentary evidence.
The hearing officer, David Hyland, found that petitioner was not involved with sexual misconduct, dismissed the specifications that alleged he struck two male students on the buttocks with a rolled up newspaper; and that he grabbed and squeezed another male student’s stomach after being told words to the effect of “Don’t touch me.” The other specifications were sustained except for one specification involving the rubbing of a student’s back. The hearing officer determined that although the touching involved was not sexual in nature, some of it was inappropriate. Hearing Officer Hyland found that although the trip to Boston did not involve a school sanctioned club activity and the petitioner was a last minute substitution for a parent chaperone, he was still responsible for obtaining proper permission. The hearing officer did not find substantial cause rendering petitioner unfit to perform his obligations of service, but found he had neglected his duty and that some of the charged conduct was unbecoming to his position or was, “prejudicial to the good order, efficiency or discipline of the service.” The determination provided that petitioner was to be suspended without pay for six months, and required to “attend counseling and/or training to understand appropriate professional and physical boundaries between himself and the students, whether in management of student behavior in the library or otherwise.” (Cross motion, exhibit 6.)
Petitioner seeks to vacate, and set aside the arbitrator’s decision claiming that it was not warranted in the record, and was excessive, arbitrary and capricious and based on partiality and prejudice. He claims that pursuant to Education Law §§ 3020-a and 2590-j, the decision cannot stand as just and fair, because it violates his constitutional and statutory rights under state law *890 and Executive Law article 15 (the Human Rights Law). Petitioner, as an openly gay man, claims that the hearing officer’s determination that his manner of touching and addressing the students was inappropriate, in light of testimony that established it was the same as a heterosexual female librarian, is arbitrary and capricious; and the penalty imposed is shocking to one’s conscience. Petitioner also claims that allowing the award to stand would have a chilling effect on gay, lesbian and transgender individuals employed in the education system because they would be subject to actions by students based on their sexual preferences and not their actual conduct.
Respondent’s cross motion seeks to dismiss the petition on the grounds that the petition is time-barred, fails to state a cause of action, and is prohibited based on the arbitration and decision; and seeks to confirm the arbitration award. Respondent claims that the petitioner fails to allege facts sufficient to vacate or modify the hearing officer’s determinations.
The hearing officer’s opinion is dated June 8, 2010 and the petitioner claims he received it on June 17, 2010. Respondent claims that this petition is time-barred because the proceeding was commenced on June 28, 2010. Respondent claims that pursuant to Education Law § 3020-a (5) the petition was filed one day beyond the 10-day period to appeal the arbitrator’s decision.
Pursuant to General Construction Law § 25-a (1), “When any period of time, computed from a certain day, within . . . which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day.” The provisions of General Construction Law § 25-a (1) have been found to apply to statutes of limitations and the provisions of CPLR article 75 (Rodriguez v Saal, 43 AD3d 272 [1st Dept 2007]; Matter of American Cas. Co. v McCoy, 138 AD2d 485 [2d Dept 1988]; Matter of Scuderi v Board of Educ. for City School Dist. of City of Yonkers, 49 AD2d 942 [1975], appeal dismissed 38 NY2d 848 [1975]).
Petitioner claims that the 10-day statute of limitations expired on Sunday, June 27, 2010, and this proceeding was commenced on Monday, June 28, 2010. This court takes judicial notice of the fact that June 27, 2010 was a Sunday. This proceeding commenced on Monday, June 28, 2010, is timely.
Pursuant to Education Law § 3020-a (5), a petition to vacate the determination of a hearing officer requires that the court apply the standard set forth in CPLR 7511. The standard for *891 granting a petition pursuant to CPLR 7511 is to show “misconduct, bias, excess of power, or procedural defects” (Austin v Board of Educ. of City School Dist. of City of N.Y., 280 AD2d 365, 365 [1st Dept 2001]). An arbitrator’s award can be set aside if it violates strong public policy or is totally irrational (Matter of Hegarty v Board of Educ. of City of N.Y., 5 AD3d 771 [2d Dept 2004]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]; Matter of Gregg v Department of Educ. of City of N.Y., 22 AD3d 254 [1st Dept 2005]; Matter of Cherry v New York State Ins. Fund, 83 AD3d 446 [1st Dept 2011]; Matter of Sprinzen [Nomberg], 46 NY2d 623 [1979]). There is an additional standard applied and judicial scrutiny is stricter when the parties have submitted to compulsory arbitration rather than a determination rendered after voluntary arbitration. After compulsory arbitration the determination, “must be in accord with due process and supported by adequate evidence, and must also be rational and satisfy the arbitrary and capricious standards of CPLR article 78” (Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d 563, 567 [1st Dept 2008]; City School Dist. of the City of N.Y. v McGraham, 75 AD3d 445, 450 [1st Dept 2010]). The burden of proof is on the party challenging the determination to show that it is invalid. A hearing officer’s finding that the testimony was inconsistent or lacked credibility is not a basis to vacate the determination (Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d 563 [2008]; Austin v Board of Educ. of City School Dist. of City of N.Y., 280 AD2d 365 [2001]). A claim of actual bias or misconduct by a hearing officer requires clear and convincing evidence, inference of partiality is not enough to vacate the award (Zrake v New York City Dept. of Educ., 41 AD3d 118 [1st Dept 2007]; Rose v Lowrey & Co., 181 AD2d 418 [1st Dept 1992]).
Petitioner claims that the hearing officer allowed respondent to validate homophobic statements made by three students as directed by a fourth and found inappropriate conduct where there was none. He claims that there was testimony provided at the hearing by SCI Investigator Ravello, that whispering and touching students on the shoulder was generally acceptable to get their attention in the library (cross motion, exhibit 3, vol 1, at 350-351). There was also testimony that another librarian, a heterosexual female, approached the students physically in the same manner as petitioner did, including touching arms, *892 whispering and standing silently next to the students. Delisa Brown-Guc testified that touching was used to calm down an individual that was agitated and that the petitioner was the least confrontational with the students of the three librarians at Stuyvesant (cross motion, exhibit 3, vol 2, at 1467-1476).
Petitioner claims the hearing officer did not sufficiently take into account testimony that false rumors were being spread amongst the students in 2007, prior to the investigation, that he was a member of NAMBLA (North American Man Boy Love Association). One of the students that accused him of inappropriate touching spoke to him in a menacing manner in the fall of 2007, saying that “some people are feeling pretty creepy about the way you touch people.” Petitioner was considering reporting the statement but then decided to let it go because the student was “a jerk” (cross motion, exhibit 3, vol 2, Asch at 1653-1654, 1664 and exhibit 3, vol 1, Brown-Guc at 1487-1488). There was testimony that the same student who spoke to him in a menacing manner, said in a loud manner “get away from me faggot” when petitioner passed his table in the library (cross motion, exhibit 3, vol 1, Brown-Guc at 1496-1499). The same menacing student organized, cut and pasted the e-mails which were provided to Assistant Principal Grossman, and used by the SCI to formulate the charges and specifications. The hearing officer rejected one of two specifications related to the menacing student concerning inappropriate touching because the testimony was not credible. Hearing Officer Hyland found the menacing student’s testimony that his back was rubbed credible, but only as to touching and determined that this was a failure to respect boundaries because petitioner should have known that this student did not like to be touched (cross motion, exhibit 6).
Petitioner claims that the hearing officer failed to credit testimony concerning permissible touching. He states that by refusing to allow testimony concerning a student conspiracy or the mental health and behavioral concerns regarding one of the accusing students, and relying on testimony by students that were only witnesses to one of the specifications, the hearing officer applied a different standard to him as an openly gay man. He claims that the resulting determination was biased, discriminatory and violated his constitutional and statutory rights under state law and Executive Law article 15 (the Human Rights Law).
Petitioner claims that the hearing officer did not take into account the school’s policy concerning weekend trips involving *893 unofficial clubs where parents were chaperones. Permission was not sought from the school for the Quiz Bowl activities that occurred on prior weekends because the parents chaperoned the activities and the petitioner was a last minute replacement for a parent chaperone.
Respondent claims that the petitioner has not met his burden of proof to vacate the determination because the hearing officer is permitted to weigh credibility and rely on hearsay. Respondent states that it would be improper for this court to credit petitioner’s evidence to the exclusion of others. The cross motion seeks to dismiss for failure of petitioner to state a cause of action and meet his burden of proof concerning the claims of corruption, bias, fraud and misconduct by the hearing officer. Respondent claims that petitioner has not produced the required clear and convincing evidence and relies on inferences which are not in the record. Respondent also claims that petitioner’s due process rights were protected because he was represented by an attorney that was permitted to produce evidence and cross-examine all the witnesses that appeared at the hearing. Respondent seeks to dismiss petitioner’s claims that Education Law § 2590-j was violated because the charges of engaging in inappropriate conduct with several students, misconduct, neglect of duty, and violating the bylaws, rules and regulations of the Chancellor were confirmed and accepted by the arbitrator. Respondent claims that any objections to its compliance with the Education Law § 3020-a process must be denied because it was waived by proceeding with the arbitration without objection. Respondent claims that Hearing Officer Hyland was lenient in the decision, given the seriousness of the charges, since there could have been a determination that petitioner be terminated from employment.
The authority to overturn an arbitration award based on a violation of public policy requires that the court find, “without engaging in any extended factfinding or legal analysis” (Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 80 [2003], quoting Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO, 99 NY2d 1, 8 [2002]) that public policy considerations, “embodied in either statute or decisional law, prohibit (1) arbitration of the particular matters to be decided or (2) certain relief being granted.” (Board of Educ. of City of N.Y. v Hershkowitz, 308 AD2d 334, 338 [1st Dept 2003].) An arbitrator cannot issue an award that violates a *894 well-defined “constitutional, statutory or common law of this State” (Matter of United Fedn. of Teachers, 1 NY3d at 80, quoting Matter of New York City Tr. Auth., 99 NY2d at 11). Whatever the applicable standard of review in a compulsory arbitration, an award may be vacated if there is no rational basis for the determination based on the evidence adduced at the hearing (Matter of Weinstein v Department of Educ. of City of N.Y., 19 AD3d 165 [1st Dept 2005]).
Pursuant to Executive Law, article 15, § 296 (1) (a), it is unlawful to discriminate against an individual based on, “age, race, creed, color, national origin, sexual orientation ... to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.”
Hearing Officer Hyland stated in the concluding paragraphs of his opinion:
“I note that these are Respondent’s first charged offenses. I am persuaded that Mr. Asch now understands that library management, even under the most difficult circumstances, cannot and will not include inappropriate touching of students or whispering in a manner that a reasonable student would consider a violation of his/her space. I am also persuaded that in the future, if he has any questions about school policies related to trips, he will make appropriate inquiries to his superiors.
“Having reviewed all of the evidence and based on the proven misconduct, Respondent’s long service with the Department and principles of progressive discipline, I believe that the appropriate penalty in the instant case is a suspension without pay for six (6) months. Additionally, Respondent Asch shall be required to attend counseling and/or training in understanding appropriate and professional boundaries between himself and students whether in the management of student behavior in the library or otherwise.” (Cross motion, exhibit 6, at 53.)
The public policy considerations embodied in Executive Law article 15 were violated by the finding that petitioner, an openly gay man, engaged in inappropriate touching when his actions, i.e. touching, whispering and standing silently next to the students, were the same as the heterosexual female librarian. Petitioner was suspended for six months without pay and reassigned to another school. He was also required to, “attend *895 counseling and/or training to understand appropriate professional and physical boundaries between himself and the students, whether in management of student behavior in the library or otherwise.” No charges were brought against the female librarian, and she was not required to attend counseling or training. Hearing Officer Hyland may not have intended to discriminate against the petitioner, but the opinion and award has that effect. Petitioner has the right not to be discriminated against or abused by students based on his sexual orientation. SCI Investigator Ravello testified that whispering and touching students on the shoulder was generally acceptable to get their attention in the library. Touching students and whispering in their ear are acceptable practices to maintain order in the library and there is no rational basis for a finding that his touching of students, which was done in the same manner as a heterosexual librarian, constitutes an inappropriate touching; especially given his history of 20 years of exemplary service.
Judicial review of administratively imposed sanctions is limited. An administrative sanction may only be revised in those circumstances where it is, “so disproportionate to the offense as to ‘shock the conscience of the court’ ” (Matter of Harris v Mechanicville Cent. School Dist., 45 NY2d 279, 284 [1978]). The court would have to find that the determination is “shocking to one’s sense of fairness” (id.). A result is
“shocking to one’s sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm . . . to the public generally visited or threatened by the derelictions of the individuals” (id.).
Additional factors would include deterrence or the reasonable prospect of recurrence, and “the standards of society to be applied to the offense involved” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 234 [1974], supra; Matter of Harris, 45 NY2d at 284).
The nonexistence of a prior disciplinary record in 20 years and the financial impact of the six-month suspension without his salary, is clearly disproportionate to petitioner’s conduct. He was forced to defend himself against criminal charges and was exposed to the stigma of being described as a “pervert” in the press. It is shocking to one’s sense of fairness that petitioner is *896 required to attend counseling or training to understand appropriate professional or physical boundaries, when touching and whispering is acceptable practice, and was done in the same manner as was permissible if performed by the heterosexual female librarian.
Upon review of all the papers submitted this court finds that petitioner has met his burden of proof as to the determination based on public policy considerations. The sanctions imposed, while lesser than termination, are shocking to this court’s sense of fairness. A legally recognizable cause of action can be identified even if it is not skillfully prepared, therefore respondent’s cross motion to dismiss the petition is denied.
Accordingly, it is ordered and adjudged that the petition seeking to vacate, and set aside the arbitrator’s decision pursuant to CPLR 7511, and Education Law § 3020-a (5), is granted, and it is further ordered and adjudged that the hearing officer’s opinion and award dated June 8, 2010, is vacated, and it is further ordered and adjudged that petitioner is restored to employment status with back pay and without any need for counseling or training, and it is further ordered and adjudged, that the cross motion to dismiss the petition pursuant to CPLR 404 (a), 3211 (a) (5) and (7) and 7511 is denied.