■ FEDIE R. REDD, Appellant, v EDWARD A. BATTISTI et al., Respondents. [943 NYS2d 84]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered February 8, 2011, denying a petition seeking to vacate a post-hearing arbitration award finding that petitioner was guilty of all of the specified charges and that respondent Division of Parole (DOP) had just cause for terminating her from her position as a parole officer, granting DOP's cross motion to confirm the award, and dismissing the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.

Petitioner failed to establish that the arbitration award violated public policy, was irrational, or was in violation of any of the grounds enumerated in CPLR 7511 (b) (1) (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]). The record amply supports the arbitrator's finding that petitioner had violated the DOP's Code of Conduct by making false accusations of stalking, which resulted in her arrest. There is no basis for disturbing the arbitrator's rejection of petitioner's account of events (see Matter of Cherry v New York State Ins. Fund, 83 AD3d 446, 447 [2011]). Indeed, an investigating detective testified that at the time of the alleged incident, the purported stalker was not even in petitioner's vicinity, as demonstrated by store receipts, bank ATM records, and security surveillance video. In light of petitioner's responsibilities as a parole officer, which depend in

large part upon her veracity, her misconduct warranted the penalty of termination.

Petitioner's allegations of racial and gender bias are speculative and without any evidentiary basis in the record. We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Catterson, Renwick and Román, JJ.