*512 Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered March 5, 2012, which, after a hearing, denied the petition to vacate an arbitration award, and granted respondent’s motion to confirm the award and dismiss the petition, unanimously reversed, on the law, without costs, the petition granted, respondent’s motion denied, and the matter remanded for the hearing officer to take testimony from the child complaining witness, G.A., in the presence of petitioner, and any necessary further proceedings consistent herewith.
Petitioner’s exclusion from the administrative hearing during the testimony of the only eyewitness to her alleged hitting of a student—the student himself—violated her constitutional right to confront the witnesses against her (see Matter of Daniel Aaron D., 49 NY2d 788, 791 [1980]). Nothing in the record indicates that a compelling competing interest warranted the exclusion. There is no finding that petitioner’s presence would cause trauma to the student or substantially interfere with his ability to testify. Indeed, the record contains no indication at all of the basis for the exclusion.
Petitioner contends that in addition to her constitutional right she had an absolute right to confront witnesses under Education Law § 3020-a. However, she waived that argument by failing to object on the record to her exclusion from the hearing. In any event, there is no such absolute right under § 3020-a (see generally Austin v Board of Educ. of City School Dist. of City of N.Y., 280 AD2d 365 [1st Dept 2001]). Concur—Tom, J.P, Sweeny, Renwick and Manzanet-Daniels, JJ. [Prior Case History: 34 Mise 3d 1229(A), 2012 NY Slip Op 50291(U).]