In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v GARY GIAMO, Appellant. [981 NYS2d 518]—

Order, Supreme Court, New York County (Louis B. York, J.), entered July 25, 2013, granting the petition to stay arbitration and directing respondent to provide petitioner with discovery, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed.

Pursuant to CPLR 7503 (c), "[a] petition to stay arbitration must be brought within 20 days of service of the demand for arbitration. This limitation is strictly enforced and a court has no jurisdiction to entertain an untimely application" (*Matter of Allcity Ins. Co. [Vitucci]*, 151 AD2d 430, 430 [1st Dept 1989], *affd* 74 NY2d 879 [1989] [citation omitted]). The record indicates that respondent served the arbitration demand at issue upon petitioner on October 25, 2012, but petitioner did not initiate the instant petition until April 2013. Hence the petition was plainly untimely and should have been denied.

Petitioner did not provide evidence from a person with personal knowledge to indicate that the arbitration demand was purposely concealed in the October 2012 package that included a copy of respondent's medical records (*cf. Matter of Nationwide Mut. Ins. Co. [Monroe]*, 75 AD2d 765 [1st Dept 1980]). Rather, petitioner's claims adjuster wrote to respondent's counsel on November 5, 2012, acknowledging that it had received his "demand letter," and wrote again on December 3, 2012, indicating that, after careful consideration, it was denying the claim based upon a finding that the injuries did not meet the applicable medical threshold, a conclusion that must have been made after review of the records provided. Under such circumstances, rather than demonstrate concealment, the record indicates that petitioner was likely careless in failing to note the demand (*see State Wide Ins. Co. v Klein*, 90 AD2d 846 [2d Dept 1982]). We further note that the October 2012 package also included a copy of an affidavit of service indicating that an arbitration demand had been served.

As the petition to stay arbitration was untimely, judicial intrusion into the arbitration proceedings is precluded (*see Matter of Allstate Ins. Co. v LeGrand*, 91 AD3d 502 [1st Dept 2012]), and hence, there is no judicial authority to direct respondent to provide further discovery to petitioner (*see Matter of State Farm*

*Mut. Auto. Ins. Co. v Urban*, 78 AD3d 1064, 1066 [2d Dept 2010]). Concur—Saxe, J.P., Moskowitz, DeGrasse, Feinman and Clark, JJ.