**STUDEBAKER WORTHINGTON
LEASING CORP., Appellant,**

v.

**TEXAS SHUTTERS CORP. and
Jesus Figueroa a/k/a Jesse
Figueroa, Appellees.**

No. 14–06–00685–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 30, 2007.

Rehearing Overruled Jan. 10, 2008.

John R. Jones, Houston, for appellant.

Conley Greg Goodrum, Houston, for appellees.

Panel consists of Chief Justice HEDGES, and Justices FOWLER and EDELMAN.*

## OPINION

RICHARD H. EDELMAN, Senior Justice.

In this suit to enforce a foreign judgment, Studebaker Worthington Leasing Corporation ("Studebaker") appeals an or-

* Senior Justice Richard H. Edelman sitting by assignment.

der vacating a New York judgment that had been entered in its favor against Texas Shutters Corporation and Jesus Figueroa a/k/a Jesse Figueroa (collectively, "Texas Shutters") on the grounds that: (1) Texas Shutters's motion to vacate the New York judgment collaterally attacked the merits of the original controversy; (2) Texas Shutters did not present evidence negating grounds for jurisdiction under New York law; and (3) the bankruptcy of Studebaker's assignor, NorVergence Inc. ("NorVergence") did not stay the New York action because the equipment rental agreement at issue was assigned to Studebaker before NorVergence filed bankruptcy. We reverse the trial court's judgment vacating the New York judgment and render judgment reinstating that judgment.

## Background

Texas Shutters entered into an equipment rental agreement (the "lease") with NorVergence, which assigned the lease to Studebaker. In 2004, Studebaker filed suit against Texas Shutters in a New York state court, alleging that Texas Shutters had failed to make the required payments under the lease. Texas Shutters did not answer, and the New York court entered a default judgment against it. Studebaker then sought to enforce the New York judgment in Harris County, Texas, pursuant to the Uniform Enforcement of Foreign Judgments Act.[1] Texas Shutters filed a motion to vacate the New York judgment, which the trial court granted.

## Personal Jurisdiction

Studebaker's first and second issues contend that the trial court erred by

granting the motion to vacate because it improperly attacked the merits of the original controversy, rather than establishing that the New York court lacked jurisdiction. Texas Shutters contends that the forum selection clause in the lease that the New York court relied upon to provide personal jurisdiction over it: (1) does not comply with section 35.53 of the Texas Business and Commerce Code; (2) is voidable because it is not conspicuous and amounts to a "floating" jurisdiction clause; and, thus, (3) fails to satisfy federal and state due process requirements for the exercise of jurisdiction over it.

A judgment of one state court is conclusive on the merits of the case in another state's court if the rendering court had jurisdiction over the subject matter and parties. *Underwriters Nat'l Assurance Co. v. N. Carolina Life & Accident & Health Ins. Guar. Ass'n,* 455 U.S. 691, 704–05, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982). As applicable here, a lack of personal jurisdiction can be established by showing that the exercise of personal jurisdiction over the defendant fails to comply with the due process requirements. *See, e.g., PHC–Minden, L.P. v. Kimberly–Clark Corp.,* 235 S.W.3d 163, 166 (2007). To satisfy these requirements, (1) the defendant must have established minimum contacts with the forum state; and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Id.*[2]

Sufficient minimum contacts can create either specific or general jurisdic-

---

1. *See* Tex. Civ. Prac. & Rem.Code §§ 35.001–35.008 (Vernon 1997 & Supp.2006).

2. To have the requisite minimum contacts with a forum state, a defendant must act deliberately and "purposefully avail" itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws. *See Asahi Metal Indus. Co., v. Superior Court of Cal., Solano,* 480 U.S. 102, 112–13, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

tion. Specific jurisdiction requires a defendant's liability to have arisen from, or be related to, its activities in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). General jurisdiction also allows a forum to exercise jurisdiction over a defendant who maintains a "permanent" or continuous presence in the state if the defendant's contacts are continuous and systematic. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

■ In this case, it is uncontested that Texas Shutters never conducted business in New York, sought to conduct business in New York, or (in the case of Jesus Figuero) ever even visited New York, and, thus, that its liability did not arise from its activities in that State. Although Studebaker relies upon a single check that Texas Shutters sent to Studebaker's New York address, Studebaker has cited, and we have found, no authority holding that a single such payment is sufficient to confer specific personal or general jurisdiction over a defendant.[3]

■ However, the enforcement of a forum selection clause, in which parties stipulate in advance to submit their disputes for resolution within a particular jurisdiction, does not offend due process where the provision has been obtained through freely negotiated agreements and are not unreasonable and unjust. *Burger King,* 471 U.S. at 473 n. 14, 105 S.Ct. 2174. In finding that Texas Shutters was subject to its personal jurisdiction, the New York court relied on the forum selection clause in the lease, which provides that if the agreement is assigned, the venue of any legal action shall be in the state where the assignee's principal headquarters are located.[4] In that regard, Studebaker's principle headquarters are located in New York.

■ In order for a judgment rendered by another state to be given the same recognition in this state as it would receive in the rendering state, the validity of such a judgment must be determined by the laws of the rendering state. *Bard v. Charles R. Myers Ins. Agency, Inc.,* 839 S.W.2d 791, 795 (Tex.1992). With exceptions not applicable here, New York courts have found floating forum selection clauses, like the one in this case, valid. *See, e.g., Sterling Nat'l Bank v. E. Shipping Worldwide, Inc.,* 35 A.D.3d 222, 222–23, 826 N.Y.S.2d 235 (2006). In addition, although the United States Supreme Court has not addressed the issue, absent allegations of fraud, most appellate courts have found such clauses to be a valid waiver of the due process jurisdictional requirements.[5] Because the exercise of personal

---

**3.** *See, e.g., PHC–Minden,* 235 S.W.3d at 171 (holding that even numerous payments totaling over $1 million to Texas vendors were not sufficient to establish general jurisdiction).

**4.** The provision states:
   This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option.

**5.** *See Preferred Capital, Inc. v. Assocs. In Urology,* 453 F.3d 718, 721–24 (6th Cir.2006); *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.,* 437 F.3d 606, 610 (7th Cir.2006); *Susquehanna Patriot Commercial Leasing Co., v. Holper Indus. Inc.,* 928 A.2d 278 (Pa.Super.Ct.2007); *Liberty Bank, F.S.B. v. Best Litho, Inc.,* 737 N.W.2d 312 (Iowa Ct.App. 2007). *But see Preferred Capital, Inc. v. Power Eng'g Group, Inc.,* 112 Ohio St.3d 429, 860 N.E.2d 741, 746 (2007).

jurisdiction by the New York court thus comports with the decisions of that state and does not clearly violate federal due process requirements, we have no basis to deny full faith and credit to the New York judgment on jurisdictional grounds. Accordingly, appellant's first and second issues are sustained to that extent.

### Bankruptcy Stay

■ Studebaker's third issue contends that the bankruptcy of NorVergence did not deprive the New York court of jurisdiction or stay enforcement of the New York judgment in Texas because Studebaker was assigned its rights under the lease before NorVergence filed for bankruptcy.[6] In this regard, it is undisputed that: (1) NorVergence assigned the rights to Studebaker on February 25, 2004; (2) NorVergence's creditors commenced an involuntary bankruptcy proceeding against it on June 30, 2004; (3) Studebaker filed suit against Texas Shutters in New York on September 28, 2004; and (4) the New York court rendered judgment against Texas Shutters on December 17, 2004.

■ Among other things, the filing of a bankruptcy petition operates to stay, as to all entities, any act to obtain possession of the property of the estate. 11 U.S.C.A. § 362(a)(3) (2004 & Supp.2007). Any action taken in violation of the stay is void. *Cont'l Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988).

In this case, however, the lease was no longer the property of NorVergence at the time of its bankruptcy filing. Moreover, while a bankruptcy trustee may avoid certain transfers of a bankruptcy debtor's interest in property, Texas Shutters does not allege, and our record does not reflect, that the trustee in the NorVergence bankruptcy proceeding ever sought to do so

with regard to the assignment of the lease to Studebaker. Therefore, we have no basis to conclude that the New York lawsuit was, or the enforcement of its judgment is, subject to a stay by reason of the NorVergence bankruptcy, and Studebaker's third issue is sustained.

Because our record does not reflect that the New York court lacked jurisdiction over the subject matter or parties in this case, we reverse the trial court's judgment, vacating the New York judgment, and render judgment that the New York judgment be reinstated.

6. Texas Shutters's brief does not respond to this contention.