COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-11-00454-CV

 

 


 
 
 Mahmood Chaseekhalili and Fatema Faiyaz
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Cinemacar Leasing, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 352nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

In
four issues, Appellants Mahmood Chaseekhalili and Fatema[2]
Faiyaz appeal the domestication of a foreign default judgment for Appellee
Cinemacar Leasing, Inc. and the trial court’s denial of their motion for new
trial.  We affirm.

II. 
Factual and Procedural Background

Texas-based Addison Xpress Car and Limousine Service (Addison Xpress) and
New Jersey-based Cinemacar Leasing entered into a motor vehicle lease with a
lease-purchase rider, agreeing that the subject vehicle would be registered and
operated in Texas, with rent paid to Cinemacar’s office in New Jersey.[3]
 Faiyaz and Chaseekhalili signed the agreement as Addison Xpress’s guarantors
(Guarantors).

The forum selection clause of the lease agreement lists New York as the
designated forum,[4] but when Addison Xpress
defaulted on the lease, Cinemacar filed suit against Addison Xpress and
Guarantors in New Jersey.  Addison Xpress and Guarantors in turn filed suit
against Cinemacar in Dallas County, Texas, for breach of contract, among other
claims.  Guarantors also filed a motion to dismiss the New Jersey action for lack
of personal jurisdiction, which the New Jersey court granted.[5]
 Cinemacar filed a motion to dismiss the Texas action, and the Dallas trial court
dismissed Guarantors’ case and prohibited Addison Xpress and Guarantors from
filing suit in Texas “unless compelled to do so by a court of competent
jurisdiction in another state.”

Cinemacar next filed suit against Guarantors, but not Addison Xpress, in
New York, and the New York court granted a default judgment of $16,603.72
against Guarantors.  Cinemacar then filed a notice of filing of foreign judgment
in Tarrant County.  See generally Tex. Civ. Prac. & Rem. Code
Ann. §§ 35.001–.008 (West 2008 & Supp. 2012) (setting out Texas’s version
of the Uniform Enforcement of Foreign Judgments Act).

In response to Cinemacar’s attempt to domesticate its New York judgment, Guarantors
filed a motion for new trial in the 352nd District Court of Tarrant County, objecting
to the enforcement of the New York judgment and claiming that New York did not
have personal jurisdiction over them; they also requested that venue be
transferred to Dallas County.  The Tarrant County trial court overruled Guarantors’
motion for new trial after an evidentiary hearing and entered findings of fact
and conclusions of law.[6]  This appeal followed.




III. 
Jurisdiction

In
their first two issues, Guarantors assert that the Tarrant County trial court
abused its discretion by enforcing the forum selection clause and domesticating
the New York judgment because “the New York judgment was not entitled to full
faith and credit” and because “New York lacked personal jurisdiction to render
a judgment.”  The thrust of Guarantors’ argument is that to make a forum selection
clause enforceable, there must be sufficient minimum contacts with the forum to
establish personal jurisdiction; otherwise the enforcement of the judgment is
unreasonable, unjust, and unfair.  They also dispute that Faiyaz received
proper service of process of the New York suit and assert that jurisdiction
cannot be based upon the agreement’s forum selection clause because there is
insufficient evidence that the clause was “negotiated” and because some of
Cinemacar’s evidence is not competent.

A.  Standard
of Review

We
review all of the trial court’s decisions here for an abuse of discretion. See
Mindis Metals, Inc. v. Oilfield Motor & Control, Inc., 132 S.W.3d 477,
485–86 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (op. on reh’g)
(applying abuse of discretion standard to determine whether the trial court
misapplied the law to established facts in concluding that appellee established
an exception to the full faith and credit requirement with regard to its
decision to vacate a properly filed foreign judgment); see also Serv.
Corp. Int’l v. Guerra, 348 S.W.3d 221, 235 (Tex. 2011) (stating that a
trial court’s decision to admit evidence is reviewed for an abuse of
discretion); In re Laibe Corp., 307 S.W.3d 314, 316 (Tex. 2010) (orig.
proceeding) (stating that a trial court abuses its discretion by refusing to
enforce a forum selection clause, subject to a clear showing by the clause’s
opponent of one of four exceptions); In re R.R., 209 S.W.3d 112, 114
(Tex. 2006) (“We review a trial court’s denial of a motion for new trial for
abuse of discretion.”).

B.  Full
Faith and Credit

We
have previously addressed the issue of giving full faith and credit to another
state’s judgment, observing that in interpreting the Texas version of the
Uniform Enforcement of Foreign Judgments Act, the enforcing court may make a
reasonable inquiry into a sister state’s judgment and the jurisdiction over the
parties before affording the judgment full faith and credit.  Minuteman
Press Int’l, Inc. v. Sparks, 782 S.W.2d 339, 340 (Tex. App.—Fort Worth
1989, no writ).  We also noted that

a defendant may challenge the jurisdiction of a sister
state to render a foreign judgment on two grounds.  First, the defendant may
try to demonstrate that service of process was inadequate under the service of
process rules of the sister state.  Second, the defendant may assert that the
sister state’s exercise of jurisdiction does not meet the requirement of that
state’s long arm statute and due process of law.

Id. 
When a plaintiff sues on a foreign judgment of a sister state and introduces a
properly authenticated copy of the judgment, a prima facie case for enforcement
of the judgment is presented; thereafter, the burden of attacking the judgment
and establishing any reason why it should not be given full faith and credit
shifts to the defendant.  Id. at 340–41.

1.   
 Service of Process

In
part of their second issue, Guarantors dispute that Fatema Faiyaz received
service of process of the New York suit, depriving the New York court of
jurisdiction to enter a default judgment against her.  Guarantors claimed in
the trial court and claim on appeal that Rehela Faiyaz, Fatema’s mother-in-law,
received service and that this should not have been counted as substituted
service because of her age and inability to speak English.  Rehela testified in
support of this argument at the hearing, and Fatema testified that she found
the papers at Rehela’s house a few weeks later.

However,
process server Alex Londoff also testified at the hearing, stating that he
served Fatema Faiyaz, as follows:

Q.   . . . Who
answered the door?

A.  The defendant.

. . . . 

Q.  Well, is she the same person that
you saw at the house that identified herself?

A.  Yes, sir.

Q.  How did she identify herself?

A.  I asked her if her name was Fat[e]ma
Faiyaz and she said yes.

. . . .

Q.  Did she tell you that was her
name, or did you ask her are you Fat[e]ma Faiyaz, and she said Fat[e]ma Faiyaz?

A.  No, sir.  I asked her if her name
was Fat[e]ma Faiyaz and she said yes.

The
court also had before it Londoff’s return of service affidavit stating that he
served Fatema Faiyaz on April 19, 2011, and his affidavit in which he recounted
that he had personally served Fatema Faiyaz with process that day after she
provided a positive identification that she was the individual named Fatema
Faiyaz.

An
abuse of discretion does not occur when the trial court bases its decisions on
conflicting evidence and some evidence of substantive and probative character
supports its decision.  Unifund CCR Partners v. Villa, 299 S.W.3d 92, 97
(Tex. 2009); Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002)
(op. on reh’g).  Because the trial court could have chosen to believe Londoff’s
testimony instead of Rehela and Fatema Faiyaz’s testimony, it could have
reasonably concluded that Fatema Faiyaz was properly served.  See Minuteman,
782 S.W.2d at 342–43 (stating that once a properly authenticated copy of the
foreign judgment—even a default judgment—is introduced, the burden shifts to
the defendant to prove any affirmative defenses to the judgment, such as lack
of jurisdiction, faulty service, or lack of finality).  We overrule this part
of Guarantors’ second issue.




2.   
 Forum Selection Clause

In
the remainder of their second issue, Guarantors contend that the forum
selection clause is not a basis for specific jurisdiction over them.

The
trial court based its decision to domesticate the judgment and to deny the
motion for new trial on its conclusion that the lease agreement contains a
valid and enforceable forum selection clause designating New York as the proper
forum.

When
a party contractually consents to the jurisdiction of a particular forum,
jurisdiction necessarily depends on the contract’s validity.  See RSR Corp.
v. Siegmund, 309 S.W.3d 686, 704 (Tex. App.—Dallas 2010, no pet.) (“[P]ersonal
jurisdiction is a waivable right and there are a variety of legal arrangements
by which a litigant may give express or implied consent to the personal
jurisdiction of the court.”) (internal quotations omitted); see also Diamond
Offshore (Bermuda), Ltd. v. Haaksman, 355 S.W.3d 842, 846 (Tex.
App.—Houston [14th Dist.] 2011, pet. denied) (noting that in 2004, the Texas
Supreme Court adopted the federal approach to determining the enforceability of
forum selection clauses).  That is, to the extent that a party has consented to
jurisdiction in a particular forum, a trial court’s exercise of personal
jurisdiction over that party may not violate due process even in the absence of
other contacts when the forum selection clause has been obtained through a
freely negotiated agreement and is not unreasonable or unjust.  See RSR
Corp., 309 S.W.3d at 704; Tri-State Bldg. Specialties, Inc. v. NCI Bldg.
Sys., L.P., 184 S.W.3d 242, 248 (Tex. App.—Houston [1st Dist.] 2005, no
pet.) (“If a party signs a contract with a forum selection clause, then that
party has either consented to personal jurisdiction or waived the requirements
for personal jurisdiction in that forum.”); Harbison-Fischer Mfg. Co. v.
Mohawk Data Scis. Corp., 823 S.W.2d 679, 686 (Tex. App.—Fort Worth 1991)
(stating that minimum contacts were irrelevant when the parties contractually
agreed to arbitrate in New York and raised no facts to show that consent to New
York’s jurisdiction was not valid), writ granted w.r.m., 840 S.W.2d 383,
383–84 (Tex. 1992).

As
previously noted, a trial court abuses its discretion by refusing to
enforce a valid forum selection clause unless the party opposing enforcement
clearly shows that (1) enforcement would be unreasonable or unjust; (2) the
clause is invalid due to fraud or overreaching; (3) enforcement would
contravene a strong public policy of the forum where the suit was brought; or
(4) the selected forum would be seriously inconvenient for trial.  Laibe,
307 S.W.3d at 316.  Here, Guarantors only challenge the enforcement of the
forum selection clause as unreasonable or unjust and argue that New York is a
seriously inconvenient forum.

A forum
selection clause is generally enforceable and presumptively valid, and the
burden of proof is heavy for the party challenging its enforcement.  Id.
at 316; see also In re Lisa Laser USA, Inc., 310 S.W.3d 880, 883
(Tex. 2010) (orig. proceeding) (stating that forum selection clauses should be
given full effect because subjecting a party to a trial in a forum other than
the contractually-chosen one injects inefficiency by enabling forum-shopping,
wasting judicial resources, delaying adjudication of the merits, and skewing
settlement dynamics).  A bargain is not negated simply because one party may
have been in a more advantageous bargaining position; only if there is evidence
of fraud, unfair surprise, or oppression will a court refuse to enforce a forum
selection clause.  Luxury Travel Source v. Am. Airlines, Inc., 276
S.W.3d 154, 169 (Tex. App.—Fort Worth 2008, no pet.).  It is presumed that a
party who signs a contract knows its contents.  See In re Int’l
Profit Assocs., Inc., 274 S.W.3d 672, 679 (Tex. 2009) (orig. proceeding); Luxury
Travel, 276 S.W.3d at 169.  And by entering into an agreement with a forum selection
clause, the parties effectively represent to each other that the agreed forum
is not so inconvenient that enforcing the clause will deprive either party of
its day in court, whether for cost or other reasons.  In re Lyon Fin. Servs.,
Inc., 257 S.W.3d 228, 234 (Tex. 2008) (orig. proceeding).

Based
on the record before us, we cannot say that the trial court abused its
discretion by denying Guarantors’ motion for new trial on the basis that the
clause in question was unreasonable, unjust, or otherwise offended due process. 
While Faiyaz testified that she did not read the contract,[7]
both she and Chaseekhalili agreed that they had signed the lease, neither
testified that he or she did not freely enter into the contract or could not
read the English language, and Faiyaz’s husband testified that he had looked at
more than one company before selecting Cinemacar.[8]
 Further, the forum selection clause was presented in all capital letters in
the contract, and Guarantors signed each page of the contract.  Guarantors
presented no evidence that they did not freely enter into the contract, and there
is no evidence of chicanery in the contract’s execution.  See Luxury Travel,
276 S.W.3d at 168 (stating that a court must enforce a forum selection clause
unless the opposing party meets its heavy burden to show that the clause was
produced by fraud, undue influence, or overreaching or that enforcement would
be unreasonable and unjust, considering whether there is any indication that
the forum was selected to discourage legitimate claims, whether the opposing
party received adequate notice of the forum selection clause, and whether the
opposing party retained the option of rejecting the contract with impunity
following notice of the forum selection clause).  Therefore, we overrule the remainder
of Guarantors’ second issue.

Based
on our resolution of Guarantors’ second issue, we also overrule Guarantors’
first issue because the New York court had jurisdiction to issue the default
judgment.  See U.S. Const. art. IV, § 1; Minuteman, 782
S.W.2d at 340; see also Studebaker Worthington Leasing Corp. v. Tex.
Shutters Corp., 243 S.W.3d 737, 740–41 (Tex. App.—Houston [14th Dist.]
2007, no pet.) (holding that the court had no basis to deny full faith and
credit to New York judgment on jurisdictional grounds when, even though
appellee never conducted business in New York, never sought to conduct business
in New York, and never visited New York, the parties’ contract had a valid
forum selection clause).

Based
on our resolution of Guarantors’ first two issues, we need not reach
Guarantors’ third and fourth issues, in which they challenge the sufficiency of
the evidence to support the trial court’s findings of fact and conclusions of
law pertaining to the issues addressed above.  See Tex. R. App. P. 47.1.

3.   
 Unnumbered Issues

In
an unnumbered evidentiary issue contained within their first two issues’
argument section, Guarantors also complain that the trial court abused its
discretion by considering Scott Magruder’s affidavit, presumably under the
assumption that Magruder’s affidavit was necessary for Cinemacar’s introduction
of the lease agreement at the motion for new trial hearing.  However,
Guarantors attached a copy of the lease as an exhibit to their “Supplementary
and Evidentiary Response” in support of their motion for new trial, and the
trial court took judicial notice “of the entire contents of the file” prior to
Guarantors’ objection.  Further, although they raise a number of objections to
Magruder’s affidavit in their appellate brief, they made none of these
objections at the hearing.  See Tex. R. App. P. 33.1(a); see also
Tex. R. Evid. 103(a)(1); Banda v. Garcia, 955 S.W.2d 270, 272 (Tex.
1997).  Therefore, we overrule Guarantors’ unnumbered evidentiary issue.

Finally,
in their reply brief, Guarantors complain that the New York court also lacked
subject matter jurisdiction to consider Cinemacar’s complaint against them.  However,
they again focus on personal jurisdiction considerations within this argument
and do not refer us to any New York law that pertains to the New York court’s
jurisdiction to hear a breach of lease action.  See Tex. R. App. P.
38.1(i); see also Bolling v. Farmers Branch ISD, 315 S.W.3d 893, 895
(Tex. App.—Dallas 2010, no pet.) (stating that the court is not responsible for
performing the legal research necessary to support a party’s contentions).  And
while New York courts are not compelled to retain subject matter jurisdiction
over a case that lacks a substantial nexus with New York, the issue is
addressed to the trial court’s discretion, and the defendant has the burden to
show that the action should be heard in another forum in the interests of
substantial justice.  Clark v. Allen & Overy LLP, No. 106717/11, 35
Misc.3d 1229(A), at *6 (N.Y. Sup. Ct. Apr. 3, 2012) (citing New York precedent
to address defendant’s argument that because there was no nexus between the
alleged acts and New York, the action would be better adjudicated in another
forum); see also Citicorp Vendor Fin., Inc. v. Thierno, 819 N.Y.S.2d
847, at *3 (N.Y. Sup. Ct. 2006) (stating that there is no question that a court
of general jurisdiction has subject matter jurisdiction over cases involving
breach of lease agreements and the respective legal rights of parties under
said agreements).  Therefore, to the extent that Guarantors have also
challenged the New York court’s subject matter jurisdiction, we overrule this
complaint.

IV. 
Conclusion

Having
overruled Guarantors’ dispositive issues, we affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
MCCOY,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  August 9, 2012








 









[1]See Tex. R. App. P. 47.4.





[2]Also spelled “Fatima” in
various documents filed in this case.





[3]U.S. Bank d/b/a New World
Lease Funding Inc., a New York company, was the first lienholder on the subject
vehicle.





[4]The relevant portion of
the clause states,

LESSEE AND ANY GUARANTOR HEREOF CONSENT
TO THE JURISDICTION OF ANY STATE COURT LOCATED WITHIN THE STATE OF NEW YORK AND
AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING, DIRECTLY OR INDIRECTLY, FROM
THIS LEASE SHALL BE LITIGATED ONLY IN COURTS HAVING SUCH SITUS.





[5]We note that the record
reflects that in some of Guarantors’ filings, they argued for several pages
that the proper jurisdictional state was actually New Jersey.





[6]Because our resolution
here does not depend on the trial court’s findings of fact and conclusions of
law, we have not included them in the opinion.





[7]Faiyaz testified that she
had lived in the United States for thirty years; she stated, “My husband is the
one who purchased the vehicle, I just signed.  I don’t read through these
things, he does all that.”  The trial court, sitting as the trier of fact, was
entitled to believe or disbelieve this testimony as the sole judge of witness
credibility and the weight to be given to the testimony.  See Golden
Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003).





[8]Sonny Faiyaz, Fatema’s
husband, who is not a party to this suit, stated that when he looked for a
limousine, he looked at catalogs and found one in Missouri that he was going to
purchase (Cinemacar’s subject vehicle) but that he also had contact with
Tiffany Limos in California.