

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00454-CV

MAHMOOD CHASEEKHALILI AND                                          APPELLANTS
FATEMA FAIYAZ

V.

CINEMACAR LEASING, INC.                                           APPELLEE

----------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In four issues, Appellants Mahmood Chaseekhalili and Fatema[2] Faiyaz appeal the domestication of a foreign default judgment for Appellee Cinemacar Leasing, Inc. and the trial court's denial of their motion for new trial. We affirm.

---

[1]See Tex. R. App. P. 47.4.

[2]Also spelled "Fatima" in various documents filed in this case.

## II. Factual and Procedural Background

Texas-based Addison Xpress Car and Limousine Service (Addison Xpress) and New Jersey-based Cinemacar Leasing entered into a motor vehicle lease with a lease-purchase rider, agreeing that the subject vehicle would be registered and operated in Texas, with rent paid to Cinemacar's office in New Jersey.[3] Faiyaz and Chaseekhalili signed the agreement as Addison Xpress's guarantors (Guarantors).

The forum selection clause of the lease agreement lists New York as the designated forum,[4] but when Addison Xpress defaulted on the lease, Cinemacar filed suit against Addison Xpress and Guarantors in New Jersey. Addison Xpress and Guarantors in turn filed suit against Cinemacar in Dallas County, Texas, for breach of contract, among other claims. Guarantors also filed a motion to dismiss the New Jersey action for lack of personal jurisdiction, which

---

[3]U.S. Bank d/b/a New World Lease Funding Inc., a New York company, was the first lienholder on the subject vehicle.

[4]The relevant portion of the clause states,

> LESSEE AND ANY GUARANTOR HEREOF CONSENT TO THE JURISDICTION OF ANY STATE COURT LOCATED WITHIN THE STATE OF NEW YORK AND AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING, DIRECTLY OR INDIRECTLY, FROM THIS LEASE SHALL BE LITIGATED ONLY IN COURTS HAVING SUCH SITUS.

the New Jersey court granted.[5]  Cinemacar filed a motion to dismiss the Texas action, and the Dallas trial court dismissed Guarantors' case and prohibited Addison Xpress and Guarantors from filing suit in Texas "unless compelled to do so by a court of competent jurisdiction in another state."

Cinemacar next filed suit against Guarantors, but not Addison Xpress, in New York, and the New York court granted a default judgment of $16,603.72 against Guarantors.  Cinemacar then filed a notice of filing of foreign judgment in Tarrant County.  *See generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001–.008 (West 2008 & Supp. 2012) (setting out Texas's version of the Uniform Enforcement of Foreign Judgments Act).

In response to Cinemacar's attempt to domesticate its New York judgment, Guarantors filed a motion for new trial in the 352nd District Court of Tarrant County, objecting to the enforcement of the New York judgment and claiming that New York did not have personal jurisdiction over them; they also requested that venue be transferred to Dallas County.  The Tarrant County trial court overruled Guarantors' motion for new trial after an evidentiary hearing and entered findings of fact and conclusions of law.[6]  This appeal followed.

---

[5]We note that the record reflects that in some of Guarantors' filings, they argued for several pages that the proper jurisdictional state was actually New Jersey.

[6]Because our resolution here does not depend on the trial court's findings of fact and conclusions of law, we have not included them in the opinion.

## III. Jurisdiction

In their first two issues, Guarantors assert that the Tarrant County trial court abused its discretion by enforcing the forum selection clause and domesticating the New York judgment because "the New York judgment was not entitled to full faith and credit" and because "New York lacked personal jurisdiction to render a judgment." The thrust of Guarantors' argument is that to make a forum selection clause enforceable, there must be sufficient minimum contacts with the forum to establish personal jurisdiction; otherwise the enforcement of the judgment is unreasonable, unjust, and unfair. They also dispute that Faiyaz received proper service of process of the New York suit and assert that jurisdiction cannot be based upon the agreement's forum selection clause because there is insufficient evidence that the clause was "negotiated" and because some of Cinemacar's evidence is not competent.

### A. Standard of Review

We review all of the trial court's decisions here for an abuse of discretion. *See Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 485–86 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (op. on reh'g) (applying abuse of discretion standard to determine whether the trial court misapplied the law to established facts in concluding that appellee established an exception to the full faith and credit requirement with regard to its decision to vacate a properly filed foreign judgment); *see also Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011) (stating that a trial court's decision to admit evidence is

4

reviewed for an abuse of discretion); *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (stating that a trial court abuses its discretion by refusing to enforce a forum selection clause, subject to a clear showing by the clause's opponent of one of four exceptions); *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) ("We review a trial court's denial of a motion for new trial for abuse of discretion.").

## B. Full Faith and Credit

We have previously addressed the issue of giving full faith and credit to another state's judgment, observing that in interpreting the Texas version of the Uniform Enforcement of Foreign Judgments Act, the enforcing court may make a reasonable inquiry into a sister state's judgment and the jurisdiction over the parties before affording the judgment full faith and credit. *Minuteman Press Int'l, Inc. v. Sparks*, 782 S.W.2d 339, 340 (Tex. App.—Fort Worth 1989, no writ). We also noted that

> a defendant may challenge the jurisdiction of a sister state to render a foreign judgment on two grounds. First, the defendant may try to demonstrate that service of process was inadequate under the service of process rules of the sister state. Second, the defendant may assert that the sister state's exercise of jurisdiction does not meet the requirement of that state's long arm statute and due process of law.

*Id.* When a plaintiff sues on a foreign judgment of a sister state and introduces a properly authenticated copy of the judgment, a prima facie case for enforcement of the judgment is presented; thereafter, the burden of attacking the judgment

5

and establishing any reason why it should not be given full faith and credit shifts to the defendant. *Id.* at 340–41.

### 1. Service of Process

In part of their second issue, Guarantors dispute that Fatema Faiyaz received service of process of the New York suit, depriving the New York court of jurisdiction to enter a default judgment against her. Guarantors claimed in the trial court and claim on appeal that Rehela Faiyaz, Fatema's mother-in-law, received service and that this should not have been counted as substituted service because of her age and inability to speak English. Rehela testified in support of this argument at the hearing, and Fatema testified that she found the papers at Rehela's house a few weeks later.

However, process server Alex Londoff also testified at the hearing, stating that he served Fatema Faiyaz, as follows:

> Q. . . . Who answered the door?
>
> A. The defendant.
>
>     . . . .
>
> Q. Well, is she the same person that you saw at the house that identified herself?
>
> A. Yes, sir.
>
> Q. How did she identify herself?
>
> A. I asked her if her name was Fat[e]ma Faiyaz and she said yes.
>
>     . . . .

6

Q. Did she tell you that was her name, or did you ask her are you Fat[e]ma Faiyaz, and she said Fat[e]ma Faiyaz?

A. No, sir. I asked her if her name was Fat[e]ma Faiyaz and she said yes.

The court also had before it Londoff's return of service affidavit stating that he served Fatema Faiyaz on April 19, 2011, and his affidavit in which he recounted that he had personally served Fatema Faiyaz with process that day after she provided a positive identification that she was the individual named Fatema Faiyaz.

An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) (op. on reh'g). Because the trial court could have chosen to believe Londoff's testimony instead of Rehela and Fatema Faiyaz's testimony, it could have reasonably concluded that Fatema Faiyaz was properly served. *See Minuteman*, 782 S.W.2d at 342–43 (stating that once a properly authenticated copy of the foreign judgment—even a default judgment—is introduced, the burden shifts to the defendant to prove any affirmative defenses to the judgment, such as lack of jurisdiction, faulty service, or lack of finality). We overrule this part of Guarantors' second issue.

## 2. Forum Selection Clause

In the remainder of their second issue, Guarantors contend that the forum selection clause is not a basis for specific jurisdiction over them.

The trial court based its decision to domesticate the judgment and to deny the motion for new trial on its conclusion that the lease agreement contains a valid and enforceable forum selection clause designating New York as the proper forum.

When a party contractually consents to the jurisdiction of a particular forum, jurisdiction necessarily depends on the contract's validity. *See RSR Corp. v. Siegmund*, 309 S.W.3d 686, 704 (Tex. App.—Dallas 2010, no pet.) ("[P]ersonal jurisdiction is a waivable right and there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court.") (internal quotations omitted); *see also Diamond Offshore (Bermuda), Ltd. v. Haaksman*, 355 S.W.3d 842, 846 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (noting that in 2004, the Texas Supreme Court adopted the federal approach to determining the enforceability of forum selection clauses). That is, to the extent that a party has consented to jurisdiction in a particular forum, a trial court's exercise of personal jurisdiction over that party may not violate due process even in the absence of other contacts when the forum selection clause has been obtained through a freely negotiated agreement and is not unreasonable or unjust. *See RSR Corp.*, 309 S.W.3d at 704; *Tri-State Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P.*, 184

S.W.3d 242, 248 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("If a party signs a contract with a forum selection clause, then that party has either consented to personal jurisdiction or waived the requirements for personal jurisdiction in that forum."); *Harbison-Fischer Mfg. Co. v. Mohawk Data Scis. Corp.*, 823 S.W.2d 679, 686 (Tex. App.—Fort Worth 1991) (stating that minimum contacts were irrelevant when the parties contractually agreed to arbitrate in New York and raised no facts to show that consent to New York's jurisdiction was not valid), *writ granted w.r.m.*, 840 S.W.2d 383, 383–84 (Tex. 1992).

As previously noted, a trial court abuses its discretion by *refusing* to enforce a valid forum selection clause unless the party opposing enforcement clearly shows that (1) enforcement would be unreasonable or unjust; (2) the clause is invalid due to fraud or overreaching; (3) enforcement would contravene a strong public policy of the forum where the suit was brought; or (4) the selected forum would be seriously inconvenient for trial. *Laibe*, 307 S.W.3d at 316. Here, Guarantors only challenge the enforcement of the forum selection clause as unreasonable or unjust and argue that New York is a seriously inconvenient forum.

A forum selection clause is generally enforceable and presumptively valid, and the burden of proof is heavy for the party challenging its enforcement. *Id.* at 316; *see also In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding) (stating that forum selection clauses should be given full effect because subjecting a party to a trial in a forum other than the contractually-

9

chosen one injects inefficiency by enabling forum-shopping, wasting judicial resources, delaying adjudication of the merits, and skewing settlement dynamics). A bargain is not negated simply because one party may have been in a more advantageous bargaining position; only if there is evidence of fraud, unfair surprise, or oppression will a court refuse to enforce a forum selection clause. *Luxury Travel Source v. Am. Airlines, Inc.*, 276 S.W.3d 154, 169 (Tex. App.—Fort Worth 2008, no pet.). It is presumed that a party who signs a contract knows its contents. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 679 (Tex. 2009) (orig. proceeding); *Luxury Travel*, 276 S.W.3d at 169. And by entering into an agreement with a forum selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons. *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 234 (Tex. 2008) (orig. proceeding).

Based on the record before us, we cannot say that the trial court abused its discretion by denying Guarantors' motion for new trial on the basis that the clause in question was unreasonable, unjust, or otherwise offended due process. While Faiyaz testified that she did not read the contract,[7] both she and

---

[7]Faiyaz testified that she had lived in the United States for thirty years; she stated, "My husband is the one who purchased the vehicle, I just signed. I don't read through these things, he does all that." The trial court, sitting as the trier of fact, was entitled to believe or disbelieve this testimony as the sole judge of witness credibility and the weight to be given to the testimony. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

10

Chaseekhalili agreed that they had signed the lease, neither testified that he or she did not freely enter into the contract or could not read the English language, and Faiyaz's husband testified that he had looked at more than one company before selecting Cinemacar.[8] Further, the forum selection clause was presented in all capital letters in the contract, and Guarantors signed each page of the contract. Guarantors presented no evidence that they did not freely enter into the contract, and there is no evidence of chicanery in the contract's execution. *See Luxury Travel*, 276 S.W.3d at 168 (stating that a court must enforce a forum selection clause unless the opposing party meets its heavy burden to show that the clause was produced by fraud, undue influence, or overreaching or that enforcement would be unreasonable and unjust, considering whether there is any indication that the forum was selected to discourage legitimate claims, whether the opposing party received adequate notice of the forum selection clause, and whether the opposing party retained the option of rejecting the contract with impunity following notice of the forum selection clause). Therefore, we overrule the remainder of Guarantors' second issue.

Based on our resolution of Guarantors' second issue, we also overrule Guarantors' first issue because the New York court had jurisdiction to issue the default judgment. *See* U.S. Const. art. IV, § 1; *Minuteman*, 782 S.W.2d at 340;

---

[8]Sonny Faiyaz, Fatema's husband, who is not a party to this suit, stated that when he looked for a limousine, he looked at catalogs and found one in Missouri that he was going to purchase (Cinemacar's subject vehicle) but that he also had contact with Tiffany Limos in California.

*see also Studebaker Worthington Leasing Corp. v. Tex. Shutters Corp.*, 243 S.W.3d 737, 740–41 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding that the court had no basis to deny full faith and credit to New York judgment on jurisdictional grounds when, even though appellee never conducted business in New York, never sought to conduct business in New York, and never visited New York, the parties' contract had a valid forum selection clause).

Based on our resolution of Guarantors' first two issues, we need not reach Guarantors' third and fourth issues, in which they challenge the sufficiency of the evidence to support the trial court's findings of fact and conclusions of law pertaining to the issues addressed above.  *See* Tex. R. App. P. 47.1.

### 3.  Unnumbered Issues

In an unnumbered evidentiary issue contained within their first two issues' argument section, Guarantors also complain that the trial court abused its discretion by considering Scott Magruder's affidavit, presumably under the assumption that Magruder's affidavit was necessary for Cinemacar's introduction of the lease agreement at the motion for new trial hearing.  However, Guarantors attached a copy of the lease as an exhibit to their "Supplementary and Evidentiary Response" in support of their motion for new trial, and the trial court took judicial notice "of the entire contents of the file" prior to Guarantors' objection.  Further, although they raise a number of objections to Magruder's affidavit in their appellate brief, they made none of these objections at the hearing.  *See* Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1); *Banda v.*

*Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). Therefore, we overrule Guarantors' unnumbered evidentiary issue.

Finally, in their reply brief, Guarantors complain that the New York court also lacked subject matter jurisdiction to consider Cinemacar's complaint against them. However, they again focus on personal jurisdiction considerations within this argument and do not refer us to any New York law that pertains to the New York court's jurisdiction to hear a breach of lease action. *See* Tex. R. App. P. 38.1(i); *see also Bolling v. Farmers Branch ISD*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) (stating that the court is not responsible for performing the legal research necessary to support a party's contentions). And while New York courts are not compelled to retain subject matter jurisdiction over a case that lacks a substantial nexus with New York, the issue is addressed to the trial court's discretion, and the defendant has the burden to show that the action should be heard in another forum in the interests of substantial justice. *Clark v. Allen & Overy LLP*, No. 106717/11, 35 Misc.3d 1229(A), at *6 (N.Y. Sup. Ct. Apr. 3, 2012) (citing New York precedent to address defendant's argument that because there was no nexus between the alleged acts and New York, the action would be better adjudicated in another forum); *see also Citicorp Vendor Fin., Inc. v. Thierno*, 819 N.Y.S.2d 847, at *3 (N.Y. Sup. Ct. 2006) (stating that there is no question that a court of general jurisdiction has subject matter jurisdiction over cases involving breach of lease agreements and the respective legal rights of parties under said agreements). Therefore, to the extent that

13

Guarantors have also challenged the New York court's subject matter jurisdiction, we overrule this complaint.

## IV.  Conclusion

Having overruled Guarantors' dispositive issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED:  August 9, 2012